STATE OF NORTH CAROLINA v. EDWIN BYRON PARKS

No. 154A88

(Filed 9 February 1989)

**1. Constitutional Law § 34— burglary and first degree murder—no double jeopardy**

Defendant was not subjected to double jeopardy where the State was allowed to try him for both the burglary of the Comer home and the first degree murder of Russell Comer with the murder as the intended felony for the burglary. Although in this case the plan to commit murder fulfilled the intent requirement of burglary and also supplied the premeditation and deliberation elements of first degree murder, each crime requires proof of elements not present in the other.

**2. Criminal Law § 138.25— aggravating factor—pretrial release on other charges —no error**

The trial court did not err when sentencing defendant for burglary by finding in aggravation that defendant committed the burglary while on pretrial release from another felony charge, despite the earlier charge being left dormant by the prosecutor for one and one-half years. The speed or lack thereof with which the first charge is tried is irrelevant to the factor's validity. N.C.G.S. § 15A-1340.4(a)(1).

**3. Criminal Law § 138.15— burglary—aggravating factors outweighing mitigating factors—no abuse of discretion**

The trial court did not abuse its discretion when sentencing defendant for burglary by finding that the aggravating factors outweighed the mitigating factors where the aggravating factors, a prior criminal record and the fact that this crime was committed while defendant was on pretrial release for another felony, were not insignificant.

**4. Jury § 7.12— death penalty—State's use of peremptory challenges to remove ambivalent jurors—no error**

Defendant's rights under the Sixth and Fourteenth Amendments to the U. S. Constitution and Art. I, § 19 of the North Carolina Constitution were not violated by the State's use of peremptory challenges to remove jurors who were not *Witherspoon* excludables, but who were ambivalent concerning their ability to impose the death penalty.

**5. Criminal Law § 138.42— refusal to find nonstatutory mitigating factors—no error**

The trial court did not err when sentencing defendant for burglary by refusing to find the presence of two requested nonstatutory mitigating factors where the evidence failed to support those two factors.

**6. Constitutional Law § 63— death qualified jury—not unconstitutional**

The trial court did not err in a prosecution for burglary and murder by denying defendant's request to limit death qualification of the jury.

APPEAL by defendant from judgments sentencing him to two life sentences upon his convictions of first degree murder and first degree burglary. Judgments imposed by *John, J.,* at the 30 November 1987 Criminal Session of Superior Court, MOORE County. Heard in the Supreme Court 13 October 1988.

*Lacy H. Thornburg, Attorney General, by Joan H. Byers, Special Deputy Attorney General, for the State.*

*Bruce T. Cunningham, Jr., and Sherwood F. Lapping for defendant-appellant.*

FRYE, Justice.

On the basis of six assignments of error defendant seeks reversal of his first degree burglary conviction, a new trial on his conviction of murder in the first degree, or, in the alternative, a new sentencing hearing on the burglary conviction. We find no error and thus leave undisturbed defendant's two life sentences.

On 27 July 1987, the grand jury of Moore County returned true bills on separate indictments charging defendant with the 5 April 1987 murder of Russell Comer and first degree burglary of the dwelling house of Russell Comer while the house was occupied by Russell Comer. The cases were consolidated for trial. In the murder case the jury returned a verdict of guilty of first degree murder on the basis of malice, premeditation and deliberation. The jury made no findings as to whether defendant was also guilty of murder under the first degree felony murder rule. The jury also found defendant guilty of first degree burglary.

The trial court concluded that the jury's failure to return a verdict of guilty under the felony murder rule precluded submission to the jury of the aggravating circumstance that the murder was committed while defendant was engaged in the commission of, or an attempt to commit, burglary. The court also found that there were no other aggravating circumstances and therefore allowed defendant's motion to impose a mandatory life sentence in the murder case, thus obviating the necessity of a sentencing hearing before the jury. In the burglary case, the court made findings of aggravating and mitigating factors and after finding that the aggravating factors outweighed the mitigating factors, sentenced defendant to a term of life imprisonment to commence

at the expiration of the life sentence in the murder case. Defendant appeals his murder conviction and sentence to this Court as a matter of right pursuant to N.C.G.S. § 7A-27. Defendant's motion to bypass the North Carolina Court of Appeals upon his appeal of the burglary conviction was allowed by this Court on 29 April 1988.

A brief summary of the evidence presented at trial is as follows. Defendant and Darlene Parks separated on 28 March 1987. They had been married fourteen years, but had separated on several occasions. The couple had two minor sons. The family lived in a trailer in West End, Moore County. Mrs. Parks asked defendant to move out because he had beaten her. Defendant left, but returned to the trailer later that evening. After Mrs. Parks opened the door defendant took the shotgun she was holding away from her, beat her and then shot at her. Defendant threatened to kill Mrs. Parks, and beat her so severely that she suffered broken ribs. Mrs. Parks got the children out of the trailer and into her automobile. She then went to the hospital. Upon her release from the hospital Mrs. Parks and the children went to stay with her mother and stepfather, Christine and Russell Comer. During an argument on 29 March 1987 concerning defendant's right to visit his children, defendant threatened to kill Russell Comer.

On 4 April 1987 Mrs. Parks and the children were still residing with the Comers. Around midnight, defendant went to the home of his cousin, Gerald Laton. Defendant told his cousin, "I'm going to do it," and then proceeded in the direction of the Comers' home, a block away. Moments later Mrs. Laton, the wife of defendant's cousin, telephoned the Comers' home to warn them that defendant was in the area. Mrs. Comer answered the telephone, and told her husband to get his gun because defendant was in the area.

Defendant arrived at the Comers' front door, picked up a piece of wood lying nearby and broke the storm glass door. Mrs. Comer heard defendant say, "I'll kill you, you bastard." She then heard gunshots. Mrs. Parks and the children also heard the glass breaking and the shots. Mr. Comer was dead when the rescue squad arrived. An autopsy revealed that he had been shot three times and his death was due to gunshot wounds.

[1]   Defendant first contends that the trial court erred by permitting the State to try him for both the burglary of the Comer home and the first degree murder of Russell Comer because the intended felony for the burglary is the murder of Russell Comer. Defendant argues that the burglary charge and the murder charge under the facts in this case are "circular charges." According to defendant, the burglary charge should have been dismissed because it merged into the murder charge and multiple punishment for what amounts to one offense constitutes double jeopardy.

"Where . . . a single criminal transaction constitutes a violation of more than one criminal statute, the test to determine if the elements of the offenses are the same is whether each statute requires proof of a fact which the others do not." *State v. Etheridge*, 319 N.C. 34, 50, 352 S.E. 2d 673, 683 (1987). "If proof of an additional fact is required for each conviction which is not required for the other, even though some of the same acts must be proved in the trial of each, the offenses are not the same." *State v. Murray*, 310 N.C. 541, 548, 313 S.E. 2d 523, 529 (1984). If at least one essential element of each crime is not an element of the other, the defendant may be prosecuted for both crimes, and such prosecution does not constitute double jeopardy under the fifth and fourteenth amendments to the Constitution of the United States or article I, section 19 of the Constitution of North Carolina. *Id.* at 547-49, 313 S.E. 2d at 528-29.

Clearly, the offenses of first degree burglary and first degree murder both require proof of an additional fact which the other does not. First degree murder is the unlawful killing of a human being with malice, premeditation and deliberation. *State v. Bullard*, 312 N.C. 129, 160, 322 S.E. 2d 370, 388 (1984). To prove murder, there is no requirement that the perpetrator commit the act at night or that he break and enter an occupied dwelling; such elements, among others, are required to prove first degree burglary. First degree burglary is the unlawful breaking and entering into an occupied dwelling at night with the intent to commit a felony therein. *State v. Noland*, 312 N.C. 1, 13, 320 S.E. 2d 642, 650 (1984). The actual completion of the intended felony is not essential to the crime of burglary. *State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974). Although in the instant case the plan to commit murder fulfilled the intent element of burglary and also sup-

plied the premeditation and deliberation elements of first degree murder, each crime requires proof of elements not present in the other. Since it is clear that here at least one essential element of each crime is not an element of the other, we find no merit in defendant's contentions that he was subjected to double jeopardy.

Defendant's nocturnal intrusion into this home violated the rights of the occupants to be secure in their home. The subsequent murder of Mr. Comer violated his right to live. We find no constitutional or other prohibition to prosecuting and punishing defendant for both offenses.

[2] In his second assignment of error, defendant contends that the trial court erred by finding, in aggravation of the burglary sentence, that defendant committed the burglary while on pretrial release from another felony charge. Defendant disputes the constitutionality of N.C.G.S. § 15A-1340.4 when applied to the instant case since the earlier felony charge was left dormant by the prosecutor for one and one-half years. No authority is cited for this proposition.

This assignment is without merit. N.C.G.S. § 15A-1340.4(a)(1) lists a series of statutory aggravating factors. One factor is "defendant committed the offense while on pretrial release on another felony charge." N.C.G.S. § 15A-1340.4(a)(1)(k) (1988). The speed or lack thereof with which the first case is tried is irrelevant to the factor's validity, although the weight to be given such factor is for the judge's discretion. This factor is constitutionally permissible when there is a "disdain for the law by committing an offense while on release pending trial of an earlier charge, and this may indeed be considered an aggravating [factor]." *State v. Webb*, 309 N.C. 549, 559, 308 S.E. 2d 252, 258 (1983).

[3] In his third assignment of error defendant contends that the trial court erred in finding that the aggravating factors outweighed the mitigating factors found. The balance struck in weighing aggravating and mitigating factors pursuant to the Fair Sentencing Act is a matter within the sound discretion of the trial judge. *State v. Penley*, 318 N.C. 30, 347 S.E. 2d 783 (1986). This balance will not be disturbed on appeal unless the court's ruling is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision. Only when there is no rational basis for the manner in which the aggravating and

mitigating factors are weighed will an appellate court intervene. *State v. Parker*, 315 N.C. 249, 258-60, 337 S.E. 2d 497, 502-03 (1985).

As the State points out, the aggravating factors found in the instant case — a prior criminal record and the fact that this crime was committed while defendant was on pretrial release for another felony — are not, as defendant suggests, insignificant. In view of the substantiality of these factors, we find no abuse of discretion by the trial judge.

[4]  Defendant next contends that his rights secured by the sixth and fourteenth amendments to the United States Constitution and article I, section 19 of the North Carolina Constitution were violated by the State's use of peremptory challenges to remove jurors who were not *Witherspoon* excludables, but who were ambivalent concerning their ability to impose the death penalty. This identical issue was decided contrary to defendant's contentions in our recent decision in *State v. Allen*, 323 N.C. 208, 221-22, 372 S.E. 2d 855, 863 (1988).

[5]  In his fifth assignment of error defendant contends that the trial court erred by refusing to find the presence of two requested nonstatutory factors in mitigation: (1) no significant history of prior criminal activity, and (2) his attempts to resolve the child custody problem through lawful means. The evidence fails to support these two nonstatutory factors, and the trial judge did not abuse his discretion in failing to find them. *See State v. Spears*, 314 N.C. 319, 333 S.E. 2d 242 (1985). This assignment is without merit.

[6]  Defendant's final assignment of error, that the trial court erred in denying defendant's request to limit death qualification of the jury, is brought forward solely as a preservation issue. We find no error. *See Lochart v. McCree*, 476 U.S. 162, 90 L.Ed. 2d 137 (1986); *State v. Holden*, 321 N.C. 125, 363 S.E. 2d 513 (1987); *State v. Wingard*, 317 N.C. 590, 346 S.E. 2d 638 (1986).

No error.