STATE OF NEBRASKA, APPELLEE, v. EDWARD M. DIESING,
APPELLANT.
435 N.W.2d 190

Filed February 10, 1989.    No. 88-230.

Gregory M. Schatz, of Stave, Coffey, Swenson, Jansen & Schatz, P.C., for appellant.

Robert M. Spire, Attorney General, Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

FAHRNBRUCH, J.

Edward M. Diesing appeals the Douglas County District Court's affirmance of his conviction of what is commonly called "driving while intoxicated," a violation of Neb. Rev. Stat. § 39-669.07 (Supp. 1987).

After his Douglas County Court trial, the defendant was placed on probation for 6 months, he was required to attend alcohol education classes, his driver's license was impounded for 60 days, and as a condition of probation, he was required to pay a $100 fine and costs of prosecution. We affirm.

Diesing assigns four errors: (1) that the evidence is insufficient to show he was operating his vehicle on a public highway or street; (2) that the evidence is insufficient to show that he was under the influence of alcohol at the time the accident occurred; (3) that the trial court erred in not sustaining his motion for a directed verdict at the end of the State's evidence; and (4) that the trial court erred in not sustaining his motion for a directed verdict at the end of all the evidence.

In determining the sufficiency of the evidence to sustain a conviction, it is not the province of this court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact. The verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Wiggins*, 230 Neb. 632, 432 N.W.2d 824 (1988); *State v. Masur*, 230 Neb. 620, 432 N.W.2d 815 (1988).

Diesing was involved in a property damage accident in the 3900 block of Dewey Avenue in Omaha, Nebraska. The Omaha police department was notified. The defendant told the responding police officers that he had struck the rear of a parked automobile. Diesing testified that his Jaguar

automobile was parked in the driveway of a residence where he was visiting. He had been asked to move his car so another person could leave. Diesing moved his car from the driveway and attempted to park parallel with the curb. While parking, Diesing struck the rear of a parked car.

Two responding police officers, upon arrival at the scene, noticed Diesing had glassy eyes and slurred speech, and was unable to walk without swaying. The odor of alcohol about Diesing was strong. The officers asked Diesing to perform several field sobriety tests. He had difficulty saying the alphabet, was unable to stand on one leg for 30 seconds without hopping, and could not walk forward and back in a heel-to-toe manner. Diesing did hesitantly, though acceptably, touch his nose with his finger.

The defendant was eventually taken to the police station, where he submitted to a breath alcohol content test. The test results showed that Diesing had an alcohol concentration of .15 of 1 gram by weight of alcohol per 210 liters of his breath. Section 39-669.07, the statute under which the complaint was brought, provides that it is unlawful for any person to operate or be in the actual physical control of a motor vehicle when such person has a concentration of .10 of 1 gram or more by weight of alcohol per 210 liters of his or her breath. A violation of § 39-669.07 may also be proved by showing that a person operated or was in physical control of a motor vehicle while under the influence of alcoholic liquor. The defendant admitted to having three beers prior to the accident and claimed to have consumed one more beer while waiting for police officers to arrive.

Implicit in the trial court's judgment are findings that the accident at issue occurred on a city street and that Diesing was in violation of § 39-669.07 at that time. These are findings of fact. Factual findings of a judge who serves as the trier of fact in a criminal case will not be disturbed on appeal unless clearly wrong. *State v. Foster*, 230 Neb. 607, 433 N.W.2d 167 (1988); *State v. Ladehoff*, 228 Neb. 812, 424 N.W.2d 361 (1988).

We first consider Diesing's claim that the evidence is insufficient to show he was operating his vehicle on a public

highway when the accident occurred. Neb. Rev. Stat. § 39-602 (Reissue 1988) defines a highway as "the entire width between the boundary limits of any street . . . which is publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel."

Diesing complains that there is no *direct* evidence that he was operating his vehicle on a street. There is, however, considerable circumstantial evidence. We have held that circumstantial evidence is sufficient to support a conviction if such evidence and reasonable inferences that may be drawn from the evidence establish a defendant's guilt beyond a reasonable doubt. *State v. Wiggins, supra*; *State v. Zellner*, 228 Neb. 272, 422 N.W.2d 96 (1988).

The evidence presented at trial most favorable to the State showed that Diesing had moved his vehicle from the driveway at 3910 Dewey Avenue in Omaha and was attempting to park parallel with the curb when the accident occurred. The owner of the car Diesing struck was visiting in the house next door to the apartment house where Diesing was a guest. When investigating officers arrived, Diesing's vehicle, which had not been moved after the accident, was parallel with the curb. One officer testified that the car was partially in the lane of traffic and not properly parked. One officer stated that Diesing's vehicle had a punctured radiator and two officers testified radiator fluid leaked on the road. Diesing testified the accident happened directly in front of 3910 Dewey Avenue. The only reasonable inference that can be drawn from this evidence is that the defendant moved his car from a driveway onto a city street and was attempting to park on the street when the accident occurred.

When viewed most favorably to the State, the evidence and all reasonable inferences drawn therefrom are sufficient to support the trial court's finding beyond a reasonable doubt that Diesing was operating his vehicle on a public street at the time of the accident.

In his second assignment of error, Diesing contends that there is no evidence he was intoxicated when he struck the parked car. At trial, the defendant stipulated that when tested by the police officers his breath alcohol content was .15 of 1 gram by weight of alcohol per 210 liters of his breath.

It is apparently Diesing's contention that he was not intoxicated until after he consumed one beer while waiting for officers to arrive at the accident scene. Diesing said that beer was his fourth in a period of about 2 hours. One officer testified that he met Diesing at the accident scene and was with him for an hour and a half. During that time, Diesing never claimed he drank beer while waiting for the police to arrive at the scene. One of the officers testified that approximately 7 minutes elapsed between the time the accident occurred and the time police received the call and arrived on the scene. Diesing showed numerous signs of intoxication when the officers arrived at the scene. Two policemen who were at the scene testified that in their opinion the defendant was under the influence of alcohol and should not have been driving. From the evidence presented, the trial court could easily conclude beyond a reasonable doubt that Diesing was not only under the influence of alcohol and should not have been driving, but also that he had more than .10 of 1 gram by weight of alcohol per 210 liters of his breath at the time of the accident. Either condition is a violation of § 39-669.07 when a defendant operates or has physical control of a motor vehicle upon a public street.

We conclude that the findings of fact by the trial court, namely, that Diesing was operating his motor vehicle on a city street while under the influence of alcohol, are not clearly wrong. The trial court did not err in refusing to direct a verdict in favor of the defendant at the end of the State's case or at the end of all the evidence.

In a criminal case a court can direct a verdict only when there is a complete failure of evidence to establish an essential element of the crime charged, or evidence is so doubtful in character, lacking probative value, that a finding of guilt based on such evidence cannot be sustained. *State v. Foster*, 230 Neb. 607, 433 N.W.2d 167 (1988); *State v. Katzman*, 228 Neb. 851, 424 N.W.2d 852 (1988). There was no basis in Diesing's case for the trial court to direct a verdict either at the conclusion of the State's evidence or at the conclusion of the trial.

The judgment and sentence of the trial court are correct and are affirmed.

AFFIRMED.