STATE OF NORTH CAROLINA v. WILLIE OTHA BEASLEY

No. 9111SC628

(Filed 19 November 1991)

1. **Evidence and Witnesses § 672 (NCI4th)— objection to testimony—similar testimony admitted without objection**

    Defendant waived objection to an officer's opinion testimony of the speed of his car on the ground that the officer had not stated a foundation for his opinion when he failed to object to subsequent testimony by the officer restating his opinion after having stated the basis for that opinion.

    **Am Jur 2d, Trial § 412.**

2. **Evidence and Witnesses § 1237 (NCI4th)— statement after traffic stop—no custodial interrogation—Miranda warnings not required**

    An officer's question to defendant as to how much he had been drinking, asked while defendant was sitting in the officer's patrol car after a traffic stop, did not constitute custodial interrogation where the officer had not yet informed defendant that he was under arrest for driving while impaired, and defendant's statement that he had had only one drink was admissible even though defendant was not given the Miranda warnings.

    **Am Jur 2d, Evidence § 545.**

3. **Automobiles and Other Vehicles § 845 (NCI4th)— driving while impaired—sufficiency of evidence**

    The State's evidence was sufficient to support defendant's conviction of impaired driving in violation of N.C.G.S. § 20-138.1, although no evidence was presented that defendant had a blood alcohol content of 0.10 or more, where it tended to show that defendant failed to dim his lights when meeting another vehicle on the highway; his car crossed the center line and he was speeding; when stopped by a highway patrolman, defendant smelled of alcohol and had glassy eyes; there were empty beer cans in defendant's car; and the patrolman had ample opportunity to observe defendant and his driving and formed the opinion that defendant was impaired.

    **Am Jur 2d, Automobiles and Highway Traffic §§ 375, 376.**

**4. Evidence and Witnesses § 2906 (NCI4th)— redirect examination—new issue**

The trial court in a prosecution for impaired driving and speeding did not abuse its discretion in refusing to allow defendant to introduce on redirect examination evidence of his character for abiding by traffic laws where the excluded testimony did not relate to matters raised either on direct or cross-examination.

**Am Jur 2d, Witnesses § 425.**

APPEAL by defendant from judgment entered 14 February 1991 by *Judge Wiley F. Bowen* in JOHNSTON County Superior Court. Heard in the Court of Appeals 8 November 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Hal F. Askins, for the State.*

*George R. Murphy for defendant-appellant.*

WYNN, Judge.

Defendant was charged in a citation with driving while impaired in violation of N.C. Gen. Stat. § 20-138.1 and driving sixty-eight miles per hour in a fifty-five miles per hour speed zone in violation of N.C. Gen. Stat. § 20-141. The evidence presented at trial tends to show the following:

At about 2:50 a.m. on 22 January 1989, Trooper N.C. Johnson of the North Carolina Highway Patrol was on duty patrolling Rural Paved Road 1005 in Johnston County. Trooper Johnson observed two Cadillacs travelling very closely together. He noticed that the car in front did not dim its headlights as he approached and was across the center line. He formed an opinion that the cars were travelling about seventy miles per hour. A radar reading showed that in fact the lead car was travelling sixty-eight miles per hour. Trooper Johnson turned his car around and began following the Cadillacs. The cars turned onto Rural Paved Road 1106 and then turned into a driveway, and Trooper Johnson followed.

Trooper Johnson got out of his car and walked to the car which had been in front. Defendant was in the driver's seat and a woman was sitting in the passenger's seat. Trooper Johnson asked defendant for his driver's license. Defendant stepped out of the vehicle and had some difficulty in getting his wallet out

of his pocket and in getting his license out of his wallet. Trooper Johnson noticed a "very strong odor" of alcohol on defendant's breath. Defendant swayed as he stood and his eyes appeared red and glassy. Trooper Johnson saw three or four empty beer cans in the car's floorboard and an open, almost full, beer can sitting between the car's seats.

Trooper Johnson told defendant to have a seat in the patrol car and informed defendant why he had been stopped. He asked defendant how much he had been drinking. Defendant replied that he had one drink. Trooper Johnson then told defendant that he was under arrest, and he left defendant in the car while he gave the other driver a speeding ticket. While talking to the other driver, the passenger in defendant's car approached defendant and asked for the keys to his house. Defendant complied and the passenger went inside the house by way of a side entrance. The passenger returned and gave the keys back to defendant. While Trooper Johnson completed some paperwork, defendant said that he needed to go check his back door. Trooper Johnson told him to remain in the seat, but defendant jumped out of the car and went toward the house. Trooper Johnson followed defendant and saw him enter the house and close the door behind him. Both he and the passenger attempted to persuade defendant to come back out. Trooper Johnson tried to open the door and finally pushed it open with his shoulder. Trooper Johnson could not find defendant in the house, but he found another exterior door ajar. Trooper Johnson assumed that defendant had exited through the door.

Several witnesses testified on defendant's behalf that defendant did not drink and had not been drinking on 22 January 1989. Defendant testified that he had been sitting in Trooper Johnson's car when he decided to check his back door. After locking the back door behind him, he was going out his front door when Trooper Johnson "knocked the back door off." Defendant was scared and went across the road to his son's house. Defendant further testified that he did not drink beer and had not been drinking on that night.

The jury found defendant guilty as charged. He was sentenced to 120 days in jail, suspended, with one year of probation on condition that he serve an active jail term of two days, pay a fine and costs, and surrender his driver's license. Defendant appealed.

[1] Defendant first assigns as error the trial court's overruling of his objection to Trooper Johnson's opinion testimony concerning

the speed of his car. Specifically, defendant contends Trooper Johnson had not stated a foundation for his opinion. Assuming *arguendo* that Trooper Johnson initially had not stated a foundation for his opinion, he subsequently testified concerning the basis for his opinion and restated that the car was travelling about seventy miles per hour. Defendant did not object to this subsequent testimony. It is well settled that where evidence is admitted over objection, and the same evidence is later admitted without objection, the benefit of the objection is lost. *State v. Whitley*, 311 N.C. 656, 319 S.E.2d 584 (1984). This assignment of error is overruled.

[2] Defendant next argues that statements he made to Trooper Johnson should not have been admitted into evidence because they were made while he was in custody and without the proper warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694 (1966). The evidence shows that Trooper Johnson asked defendant to get into the patrol car so that he could ask him some questions. It was only after Trooper Johnson asked defendant how much he had been drinking, and after defendant answered that he had one drink, that defendant was told that he would be charged with driving while impaired. During a traffic stop, a driver is not considered in custody when he is asked a moderate number of questions and when he is not informed that his detention will be other than temporary. *Berkemer v. McCarty*, 468 U.S. 420, 82 L.Ed.2d 317 (1984). The statement made by defendant was made before he was told that he was being charged, and it was not reasonable for him to believe that he was deprived of his freedom of movement in any significant way at that time. *See State v. Braswell*, 312 N.C. 553, 324 S.E.2d 241 (1985). Defendant was not in custody for purposes of *Miranda* until he was informed he was under arrest. Trooper Johnson was not required to inform him of his rights under *Miranda* until that time. Therefore, the statements made by defendant prior to his arrest were admissible.

Defendant further argues that the trial court erred by failing to properly instruct the jury to disregard Trooper Johnson's testimony that he had arrested defendant once before. Defendant objected to the testimony and moved to strike. The record indicates that the trial judge then stated: "Motion's allowed, you will disregard the last answer." Defendant has failed to show that the jury did not follow the trial court's instruction. Defendant's argument is meritless.

**[3]** Defendant also argues that the trial court erred by denying his motion to dismiss. In considering a motion to dismiss, the trial court must determine whether there is substantial evidence that the offense charged was committed and that defendant committed it. *State v. Locklear*, 322 N.C. 349, 368 S.E.2d 377 (1988). The trial court must view the evidence in the light most favorable to the State. *Id.* In this case, while there was no evidence presented that defendant had a blood alcohol concentration of 0.10 or more, there is evidence that he drove a vehicle on a highway while under the influence of an impairing substance. The evidence taken in the light most favorable to the State shows that defendant was operating a vehicle on Rural Paved Road 1005, that he failed to dim his car's headlights upon meeting another vehicle, that his car crossed the center line, and that he was speeding. Additionally, a highway patrolman noted that defendant smelled of alcohol, that defendant swayed as he stood, that defendant had glassy eyes, and that there were empty beer cans in defendant's car. The evidence further shows that the officer had ample opportunity to observe defendant and defendant's driving, and that the officer formed an opinion that defendant was impaired. Clearly, this evidence was sufficient to take the case to the jury. Defendant's argument is without merit.

**[4]** Defendant contends the trial court erred by refusing to allow him to introduce on redirect examination evidence of his character as a law-abiding citizen and particularly his character for abiding by traffic laws. This argument is technically not reviewable since defendant failed to present for the record what the evidence would have been. *State v. Pearson*, 59 N.C. App. 87, 295 S.E.2d 499 (1982), *disc. review denied*, 307 N.C. 472, 299 S.E.2d 227 (1983). Even so, we have reviewed the argument and can find no error. Redirect examination is limited to clarifying the subject matter of direct examination or addressing matters raised during cross-examination. *Id.* Because the matters defendant sought to testify about on redirect examination were not raised during direct examination and defendant's prior criminal history was not introduced during cross-examination, the trial court did not abuse its discretion in refusing to allow the testimony.

Finally, defendant argues that the trial court erred by instructing the jury on flight. Defendant cites no authority in support of his argument and fails to show the instruction was in any way improper.

JANUS THEATRES OF BURLINGTON v. ARAGON

[104 N.C. App. 534 (1991)]

We hold defendant had a fair trial, free from prejudicial error.

No error.

Chief Judge HEDRICK and Judge JOHNSON concur.