STATE OF NORTH CAROLINA v. SY LOBOHE

No. COA00-492

(Filed 15 May 2001)

**1. Motor Vehicles— impaired driving—indictment—misdemeanor and habitual**

The trial court properly denied defendant's motion to dismiss an indictment for impaired driving and habitual impaired driving where Count I contained all of the elements of driving while impaired but did not allege defendant's three previous convictions, while Count II contained the allegation of three previous convictions and the dates of those convictions. The indictment follows precisely the required format of N.C.G.S. § 15A-928 and complies with N.C.G.S. § 15A-924(a)(5).

**2. Motor Vehicles— impaired driving—misdemeanor and felony counts—superior court jurisdiction**

The trial court properly denied an impaired driving defendant's motion to dismiss a misdemeanor offense for lack of superior court jurisdiction where the second count of the indictment alleged felony habitual impaired driving, an element of which was the misdemeanor impaired driving.

Appeal by defendant from judgment dated 23 February 2000 by Judge Catherine C. Eagles in Randolph County Superior Court. Heard in the Court of Appeals 17 April 2001.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Richard G. Roose for defendant-appellant.*

GREENE, Judge.

Sy Lobohe (Defendant) appeals a judgment dated 23 February 2000 entered after a jury rendered a verdict finding him guilty of driving while impaired and after he pled guilty to habitual impaired driving.

On 6 December 1999, Defendant was indicted for one count of impaired driving pursuant to N.C. Gen. Stat. § 20-138.1 (Count I) and one count of habitual impaired driving pursuant to N.C. Gen. Stat. § 20-138.5 (Count II). Count I of the indictment states:

The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did drive a vehicle on High Point Street in Randleman, North Carolina, a highway, while subject to an impairing substance.

Count II of the indictment states:

And the jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above within seven years of the date of this offense, has been convicted of three or more offenses involving impaired driving. The defendant has been previously convicted on (1) April 13, 1995, of impaired driving in Davidson County District Court; (2) January 21, 1998 (offense date 7-12-97), of impaired driving in Guilford County Superior Court; and (3) January 21, 1998[1] (offense date 7-1-95), of impaired driving in Guilford County Superior Court.

Defendant's case was tried in the Superior Court of Randolph County. Prior to trial, Defendant made a motion to dismiss Count I of the indictment on the ground the superior court did not have jurisdiction over the misdemeanor charged in Count I. Defendant also made a motion to dismiss Count II of the indictment on the ground Count II did not charge all of the elements of a criminal offense as required by N.C. Gen. Stat. § 15A-924(a)(5). The trial court denied Defendant's motions. Defendant then stipulated to the prior convictions contained in Count II of the indictment "without waiving [his] objections to the form of [the] indictment."

The State presented evidence at trial that on 21 August 1999, Don Taylor (Taylor), a patrolman with the Randleman Police Department, was patrolling on High Point Street when he saw an overturned vehicle blocking both lanes of traffic. The vehicle "was sitting on its hood, completely upside down with all four wheels facing upward" and there was one person in the vehicle, who was later identified as Defendant. After notifying a 911 operator of the accident, Taylor approached the vehicle to determine whether Defendant was injured and he "notice[d] an odor of alcohol about [Defendant's] person." When medical assistance arrived at the scene of the accident, Defendant was transported by ambulance to the hospital. Taylor also went to the hospital, where he read Defendant his rights regarding

---

1. Prior to Defendant's trial, the State moved to amend "January 21, 1998" to state "May 14, 1996," and the trial court granted this motion.

the taking of blood "to Determine Alcohol Concentration or Presence of an Impairing Substance." Defendant consented to undergo a blood test to determine the alcohol concentration of his blood, and a sample of his blood was taken. The sample was sent for analysis to the North Carolina State Bureau of Investigation, where it was determined that Defendant's "blood alcohol concentration was 0.177 grams of ethanol per 100 millimeters of blood."

Defendant did not present any evidence at trial. At the close of the evidence, Defendant renewed his motion to dismiss both counts of the indictment and the trial court denied this motion. Subsequent to its deliberations, the jury returned a verdict finding Defendant guilty of driving while impaired. The trial court then entered judgment against Defendant for habitual impaired driving. The judgment states Defendant pled guilty to this charge.

---

[1] The dispositive issue is whether an indictment which alleges in one count the elements of impaired driving under N.C. Gen. Stat. § 20-138.1 and alleges in a second count previous convictions which would elevate the impaired driving offense to habitual impaired driving under N.C. Gen. Stat. § 20-138.5 is a valid indictment under N.C. Gen. Stat. §§ 15A-924 and 15A-928.

Defendant argues the indictment in this case "is fatally defective because neither count alleges all of the elements of the felony of Habitual Impaired Driving" as required by N.C. Gen. Stat. § 15A-924. We disagree.

"A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State: . . . (2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more." N.C.G.S. § 20-138.1 (1999). "A person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving as defined in G.S. 20-4.01(24a) within seven years of the date of this offense." N.C.G.S. § 20-138.5 (1999).

N.C. Gen. Stat. § 15A-924, which sets forth the requirements for a valid criminal indictment, provides that a criminal indictment must contain

[a] plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

N.C.G.S. § 15A-924(a)(5) (1999). Additionally, section 15A-924 provides that "[i]n trials in superior court, allegations of previous convictions are subject to the provisions of G.S. 15A-928." N.C.G.S. § 15A-924(c) (1999). Section 15A-928, which sets forth the proper format for an indictment that contains allegations of a previous conviction, states:

(a) When the fact that the defendant has been previously convicted of an offense raises an offense of lower grade to one of higher grade and thereby becomes an element of the latter, an indictment or information for the higher offense may not allege the previous conviction. . . .

(b) An indictment or information for the offense must be accompanied by a special indictment or information, filed with the principal pleading, charging that the defendant was previously convicted of a specified offense. At the prosecutor's option, the special indictment or information may be incorporated in the principal indictment as a separate count.

N.C.G.S. § 15A-928(a), (b) (1999).

In this case, Count I of the indictment contains all of the elements of driving while impaired and, in compliance with section 15A-928(a), Count I does not allege Defendant's three previous impaired driving convictions. Count II of the indictment, which is contained as a separate count in the principal indictment as permitted by section 15A-928(b), contains an allegation that Defendant was convicted of impaired driving on three previous occasions and contains the dates of those alleged convictions. Count II, therefore, complies with the requirement of section 15A-928(b) that the principal indictment "be accompanied by a special indictment or information, filed with the principal pleading, charging that the defendant was previously convicted of a specified offense." Thus, the indictment follows precisely the required format set forth in section 15A-928. Further, as section 15A-924(c) specifically states that "allegations of previous convictions are subject to the provisions of [section]

15A-928," we reject Defendant's argument that an indictment which complies with section 15A-928 is in violation of section 15A-924 because it does not contain in one count the elements of impaired driving as well as the elements which elevate the offense of impaired driving to that of habitual impaired driving. *See State v. Sullivan*, 111 N.C. App. 441, 443-44, 432 S.E.2d 376, 378 (1993) (trial court properly granted the defendant's motion to strike from the principal indictment the allegations of the defendant's prior convictions, pursuant to section 15A-928, when the prior convictions were alleged for the purpose of elevating the offense contained in the principal indictment to a higher grade offense). Accordingly, the trial court properly denied Defendant's motion to dismiss the indictment on the ground it does not comply with section 15A-924(a)(5).

**[2]** Additionally, Defendant argues the superior court did not have jurisdiction over the misdemeanor alleged in Count I of the indictment. *See* N.C.G.S. § 7A-272 (1999) (jurisdiction of district court over criminal actions below the grade of felony). This Court has previously held "the offense of habitual impaired driving as defined by G.S. § 20-138.5 constitutes a separate substantive felony offense which is properly within the original exclusive jurisdiction of the superior court." *State v. Priddy*, 115 N.C. App. 547, 548, 445 S.E.2d 610, 612, *disc. review denied*, 337 N.C. 805, 449 S.E.2d 751 (1994). Because the indictment alleges the substantive felony of habitual impaired driving, an element of which is the misdemeanor offense of impaired driving, the trial court properly denied Defendant's motion to dismiss Count I of the indictment based on lack of jurisdiction. *See State v. Baldwin*, 117 N.C. App. 713, 716, 453 S.E.2d 193, 194 (rejecting the defendant's argument that the superior court did not have jurisdiction to try a misdemeanor driving while impaired charge when, because of previous impaired driving convictions, the misdemeanor charge was enhanced to habitual impaired driving), *cert. denied*, 341 N.C. 653, 462 S.E.2d 518 (1995). Accordingly, the trial court's 23 February 2000 judgment is affirmed.

Affirmed.

Judges McGEE and CAMPBELL concur.