STATE OF NORTH CAROLINA v. PAUL WILLIAM MARK, SR., Defendant

No. COA01-1512

(Filed 3 December 2002)

**1. Confessions and Incriminating Statements— motion to suppress—traffic stop—not in custody**

The trial court did not err in a driving while impaired and habitual impaired driving case by denying defendant's motion to suppress his statement made during a traffic stop that he had a few alcoholic drinks over at a friend's house, because during a traffic stop a driver is not considered in custody when he is asked a moderate number of questions and when he is not informed that his detention will be other than temporary, and Miranda warnings were not required.

**2. Motor Vehicles— habitual impaired driving—indictment— reference to previous convictions**

The trial court did not err in a driving while impaired and habitual impaired driving case by denying defendant's motion to quash the indictment where count three of the indictment referenced defendant's previous convictions, because it complies with the requirements of N.C.G.S. § 15A-928 that the principal indictment be accompanied by a special indictment or information filed with the principal pleading charging that defendant was previously convicted of a specific offense.

**3. Motor Vehicles— driving while impaired—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of driving while impaired (DWI) based on the State's alleged failure to present sufficient evidence that defendant was driving on a public street within North Carolina or that he was impaired, because: (1) a reasonable inference can be drawn that the pertinent street is a public street in North Carolina including the testimony of an officer that he observed defendant driving on the pertinent street and the street was twice the normal width of a normal street out in the county; and (2) the State presented sufficient evidence that defendant was impaired including an officer testifying that he formed an opinion that defendant was appreciably impaired after conducting a field sobriety test.

**STATE v. MARK**

[154 N.C. App. 341 (2002)]

**4. Sentencing— aggravating factor—defendant on pretrial release when committed offenses**

The trial court did not err in a driving while impaired and habitual impaired driving case by finding as an aggravating factor that defendant was on pretrial release when he committed the charged offenses even though defendant contends the pending charge had been dismissed with leave based on defendant's failure to appear in court, because: (1) N.C.G.S. § 15A-932 provides that dismissal with leave results in removal of the case from the docket but all other process outstanding retains its validity; (2) the statute does not contain any time limitation and contemplates that a case remains active after a failure to appear and dismissal with leave; and (3) allowing defendant to benefit from his failure to appear in court is an unnecessary result and inconsistent with the relevant statute.

Judge GREENE dissenting.

Appeal by defendant from judgment entered 12 July 2002 by Judge Melzer A. Morgan, Jr. in Superior Court, Guilford County. Heard in the Court of Appeals 17 September 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III, and by Assistant Attorney General Patricia A. Duffy, for the State.*

*Hall & Hall, by Douglas L. Hall, for the defendant-appellant.*

WYNN, Judge.

On appeal from convictions of driving while impaired ("DWI") and habitual impaired driving, defendant Paul Mark contends that the trial court erred by (1) denying his motion to suppress his statement made during a traffic stop; (2) denying his motion to quash the indictment where count three of the indictment referenced his previous convictions; (3) denying his motion to dismiss because the State failed to present a *prima facie* case of DWI; and (4) by finding as an aggravating factor that he was on pretrial release when he committed the charged offenses. After carefully reviewing the record, we find no error.

On 22 June 2000, Officer Lowdermilk, of the Greensboro Police Department, observed defendant's vehicle repeatedly cross over the center line of Florida Street; stopped the vehicle; noticed a strong

smell of alcohol; and asked defendant to produce his license and registration. Defendant informed the officer that his license was revoked. Officer Lowdermilk then asked him whether he had anything to drink, and defendant responded: "I had a few over at a friend's house." After conducting a field sobriety test, Officer Lowdermilk formed the opinion that defendant was appreciably impaired by alcohol and, therefore, placed him under arrest. At the police station, defendant was read his *Miranda* and Intoxilyzer rights; however, he refused to take the Intoxilyzer test.

On 10 June 2000, defendant pled guilty to driving while his license was revoked. After a jury trial in Superior Court, Guilford County, defendant was also found guilty of DWI and habitual impaired driving. From this judgment, defendant appeals.

**[1]** First, defendant assigns error to the trial court's denial of his motion to suppress. Specifically, he argues that his statement, "I had a few [alcoholic drinks] over at a friend's house," should have been suppressed because he made the statement while in "custody" for the purposes of *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). We disagree.

"It is well established that the standard of review in evaluating a trial court's ruling on a motion to suppress is that the trial court's findings of fact 'are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting.'" *State v. Buchanan*, 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001) (quoting *State v. Brewington*, 352 N.C. 489, 498, 532 S.E.2d 496, 501 (2000), *cert. denied*, 531 U.S. 1165 (2001) (citations omitted)). "The determination of whether a defendant was in custody, based on those findings of fact, however, is a question of law and is fully reviewable by this Court." *State v. Briggs*, 137 N.C. App. 125, 128, 526 S.E.2d 678, 680 (2000) (citations omitted).

"*Miranda* warnings are required only when a defendant is subjected to custodial interrogation." *State v. Patterson*, 146 N.C. App. 113, 121, 552 S.E.2d 246, 253 (2001) (citations omitted). The *Miranda* Court defined "custodial interrogation" as "questioning initiated by law enforcement officers after a person has been taken into custody or deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444. "[T]he appropriate inquiry in determining whether a defendant is in 'custody' for purposes of *Miranda* is, based on the totality of the circumstances, whether there was a 'formal arrest or

restraint on freedom of movement of the degree associated with a formal arrest.' " *State v. Buchanan*, 353 N.C. at 339, 543 S.E.2d at 828 (citations omitted).

In *State v. Beasley*, this Court addressed the precise question posed by defendant and held that:

> During a traffic stop, a driver is not considered in custody when he is asked a moderate number of questions and when he is not informed that his detention will be other than temporary. . . . The statement made by defendant was made before he was told that he was being charged, and it was not reasonable for him to believe that he was deprived of his freedom of movement in any significant way at that time. . . . Defendant was not in custody for purposes of Miranda until he was informed he was under arrest. Trooper Johnson was not required to inform him of his rights under Miranda until that time. Therefore, the statements made by defendant prior to his arrest were admissible.

*State v. Beasley*, 104 N.C. App. 529, 532, 410 S.E.2d 236, 238-39 (1991) (citations omitted). Accordingly, we find no merit to defendant's first assignment of error.

[2] Second, defendant assigns error to the trial court's denial of his motion to quash the indictment. Specifically, defendant argues that count three of the indictment was entitled and referenced "Habitual Impaired Driving" in violation of N.C. Gen. Stat. 15A-928 which provides:

> (a) If a reference to a previous conviction is contained in the statutory name or title of the offense, the name or title may not be used in the indictment or information, but an improvised name or title must be used which labels and distinguishes the offense without reference to a previous conviction.

> (b) An indictment or information for the offense must be accompanied by a special indictment or information, filed with the principal pleading, charging that the defendant was previously convicted of a specified offense. At the prosecutor's option, the special indictment or information may be incorporated in the principal indictment as a separate count. . . . [T]he State may not refer to the special indictment or information during the trial nor adduce any evidence concerning the previous conviction alleged therein.

In *State v. Lobohe*, this Court addressed the precise question posed by defendant and held that:

> In this case, Count I of the indictment contains all of the elements of DWI and, in compliance with section 15A-928(a), Count I does not allege Defendant's three previous impaired driving convictions. Count II of the indictment, which is contained as a separate count in the principal indictment as permitted by section 15A-928(b), contains an allegation that Defendant was convicted of impaired driving on three previous occasions and contains the dates of those alleged convictions. Count II, therefore, complies with the requirement of section 15A-928(b) that the principal indictment "be accompanied by a special indictment or information, filed with the principal pleading, charging that the defendant was previously convicted of a specified offense." Thus, the indictment follows precisely the required format set forth in section 15A-928.

*State v. Lobohe*, 143 N.C. App. 555, 558, 547 S.E.2d 107, 109 (2001) (citations omitted). Accordingly, we find no merit to defendant's second assignment of error.

[3] Third, defendant assigns error to the trial court's denial of his motion to dismiss contending that the State failed to present a *prima facie* case of DWI. The essential elements of DWI are: (1) Defendant was driving a vehicle; (2) upon any highway, any street, or any public vehicular area within this State; (3) while under the influence of an impairing substance. N.C. Gen. Stat. § 20-138.1. Defendant argues that the State failed to produce evidence that he was driving on a public street within North Carolina or that he was impaired. We disagree.

"In ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, which is entitled to every reasonable inference which can be drawn from that evidence." *State v. Dick*, 126 N.C. App. 312, 317, 485 S.E.2d 88, 91 (1997).

Here, the State presented evidence through the testimony of Officer Lowdermilk that he observed defendant driving on "Florida Street" near "Highway 29." Moreover, Officer Lowdermilk testified that Florida Street was twice the normal width of a normal street "out in the county." From this evidence, viewed in the light most favorable

to the State, a reasonable inference can drawn that Florida Street is a public street in North Carolina.[1]

Furthermore, the State presented sufficient evidence that defendant was impaired. The opinion of a law enforcement officer, for instance, has consistently been held sufficient evidence of impairment, provided that it is not solely based on the odor of alcohol. *State v. Rich*, 351 N.C. 386, 397-98, 527 S.E.2d 299, 305 (2000); *Atkins v. Moye*, 277 N.C. 179, 185, 176 S.E.2d 789, 793 (1970); *State v. Willard*, 241 N.C. 259, 264, 84 S.E.2d 899, 902 (1954). Here, Officer Lowdermilk testified that he formed an opinion that defendant was appreciably impaired after conducting a field sobriety test. Accordingly, we find no merit to defendant's third assignment of error.

[4] Finally, the dissent and defendant argue the trial court impermissibly found as an aggravating factor that defendant was on pretrial release when arrested. Accordingly, the dissent would remand for a new sentencing hearing. We disagree.

In 1990, defendant was charged for driving with a revoked license. However, the charge was dismissed with leave, pursuant to N.C. Gen. Stat. § 15A-932, because defendant failed to appear in court. When defendant was sentenced in the case *sub judice*, the trial court sentenced defendant in the aggravated range because the factors in aggravation outweighed the mitigating factors. As the sole aggravating factor, the trial court checked the box indicating that "defendant committed the offense while on pretrial release on another charge." The dissent and defendant contend this was error, because, rather then being on pretrial release, the pending charge had been dismissed with leave because of defendant's failure to appear in court.

However, section 15A-932 contemplates this precise situation and provides that "dismissal with leave . . . results in removal of the case

---

1. The dissent disagrees with this proposition. The dissent argues that a "reasonable inference" cannot be drawn that Florida Street is a public street in North Carolina because "[a] landowner . . . is not prohibited from naming" a private road on his or her personal property. In addition, the dissent notes that N.C. Gen. Stat. § 153A-239.1(a) permits local governments to name all roads in North Carolina, public or private, for the purpose of facilitating 911 emergency services. From these facts, the dissent contends the jury could only have harbored a "mere suspicion" that Florida Street is a public street in North Carolina. The dissent essentially argues that it is not "reasonable" to reach a conclusion if any exceptions or contrary evidence exist. Rather, such a conclusion is simply a "mere suspicion." We cannot agree, and other states having occasion to address this issue have all held that a reasonable inference pertaining to a street's public nature can be drawn from similar evidence. *See e.g.*, *State v. Johnson*, 2001 WL 1562089, *3 (Ohio App. 2001); *Com. v. Hopkins*, 747 A.2d 910, 918 (Pa. Super. 2000); *State v. Diesing*, 435 N.W.2d 190, 192 (Neb. 1989).

from the docket . . . but all other process outstanding retains its validity." The statute does not contain any time limitation, and contemplates that a case remains "active" after a failure to appear and dismissal with leave. The dissent would have the defendant benefit from his failure to appear in court. We find this result unnecessary and inconsistent with the relevant statute. Accordingly, the trial court did not err, and this assignment of error is without merit.

We have examined defendant's remaining assignments of error and find them to be without merit.

No Error.

Judge BIGGS concurs.

Judge Greene dissents.

GREENE, Judge, dissenting.

I disagree with the majority's conclusion that "a reasonable inference can [be] drawn from the evidence that Florida Street is a public street in North Carolina." Accordingly, I dissent.

In considering a motion to dismiss, a trial court must determine whether there is substantial evidence of each essential element of the offense charged. *State v. Butler*, 356 N.C. 141, 145, 567 S.E.2d 137, 139 (2002). "Substantial evidence is that relevant evidence which a reasonable mind would find adequate to support a conclusion." *State v. Carr*, 122 N.C. App. 369, 372, 470 S.E.2d 70, 72 (1996). Evidence creating a "mere suspicion" is not substantial evidence. *Butler*, 356 N.C. at 141, 567 S.E.2d at 139-40. The State, however, is entitled to all reasonable inferences drawn from the evidence. *Id.* at 145, 567 S.E.2d at 140. Thus, evidence is substantial if it leads to a reasonable inference of the existence of an element of the crime charged.

An inference is "[a] logical and reasonable conclusion of a fact not presented by direct evidence but which, by process of logic and reason, a trier of fact may conclude exists from the established facts." *Black's Law Dictionary* 778 (6th ed. 1990) [hereinafter *Black's*]. A suspicion is "[t]he apprehension of something without proof or upon slight evidence. Suspicion implies a belief or opinion based upon facts or circumstances which do not amount to proof." *Black's* at 1447.

STATE v. MARK

[154 N.C. App. 341 (2002)]

To withstand a motion to dismiss in this case the State was required to present substantial evidence defendant was driving a vehicle on a street while under the influence of an impairing substance. *See* N.C.G.S. § 20-138.1 (2001). A street is defined as a "highway." N.C.G.S. § 20-4.01(46) (2001). A highway is "[t]he entire width between property or right-of-way lines of every way or place of whatever nature, when any part thereof is open to the use of the public as a matter of right for the purposes of vehicular traffic." N.C.G.S. § 20-4.01(13) (2001).

Evidence defendant was driving on "Florida Street," which is "near" Highway 29 and is twice the width of a "normal street out in the county" does not logically or reasonably lead to the conclusion "Florida Street" is "open to the use of the public as a matter of right." To hold otherwise would mean that all named streets are "open to the use of the public as a matter of right," and this simply is not true.[2] Evidence of a name, general location, and size of a road only amounts to facts and circumstances raising a mere suspicion that "Florida Street" might be a "public street."

Thus, the State failed to produce substantial evidence of an essential element of the crime charged. Accordingly, defendant's motion to dismiss should have been allowed. In any event, assuming the majority has correctly decided this issue, defendant is entitled to a new sentencing hearing. The trial court found, as an aggravating factor, defendant had committed this driving while impaired offense while on release pending trial of another offense (driving while license revoked). This was error. *See State v. Parks*, 324 N.C. 94, 98, 376 S.E.2d 4, 7 (1989) (aggravating factor exists if the defendant has shown "disdain for the law by committing an offense while on release pending trial of an earlier charge"). The other offense had been dismissed and was not pending at the time defendant was charged with driving while impaired.

---

2. A landowner having a private road on his property, where the public can be excluded, is not prohibited from naming the road. Indeed, some counties name each road within the county, whether private or public, to make it easier to locate people in the event of emergencies. *See* N.C.G.S. § 62A-3(3) (2001) (local government can name streets within its jurisdiction for purposes of 911 emergency response); *see also* N.C.G.S. § 153A-239.1(a) (2001) (county can name "any road").