ELMORE, Judge.
Defendant appeals her conviction for driving while impaired under N.C. Gen. Stat. § 20-138.1(a), arguing that the trial court erred in denying her motion to dismiss the charge, absent substantial evidence of impairment. For the reasons set forth below, we find no error in the court's ruling and, therefore, affirm the judgment.
The State's evidence tended to show that just after 12:00 p.m. on 30 August 2002, Charlotte Mecklenburg Police Officer C.J. Blow observed defendant driving at a high rate of speed past West Mecklenburg High School on Tuckaseegee Road, a public street in Charlotte, North Carolina. Using front stationary radar, Blow measured defendant's speed at fifty-six miles per hour, twenty-one miles per hour over the posted speed limit. Blow activated his blue lights and initiated a traffic stop. Upon engaging defendant in conversation, Blow detected "a moderate odor of an alcoholic beverage coming from her breath" and "noticed that her eyes were red and very glassy." Blow administered two field sobriety tests to defendant. After performing satisfactorily the one leg stand test, she was unable to perform the walk and turn test, failing on three occasions to place her heel to her toe and stepping completely off the line twice. Defendant claimed to have consumed six beers and then acknowledged, "I had too much to drink last night." Based on his interaction with defendant, Blow formed an opinion that she "had consumed some impairing substance so as to appreciably impair . . . both her mental and physical faculties." Blow placed defendant under arrest and transported her to the Intake Center at the Mecklenburg County jail. After being advised of her rights, she submitted to a chemical breath analysis. Blow, who possessed a valid permit from the North Carolina Department of Public Health to perform chemical analyses using the Intoxilyzer 5000, administered the test upon defendant at 1:24 p.m. The Intoxilyzer twice registered a concentration of .08 grams of alcohol per 210 liters of defendant's breath.
Defendant testified that she went with some friends to a pub after work on the night of 29 August 2002. She stayed at the pub for three or four hours before obtaining a ride to a friend's house at 2:00 a.m. Defendant woke up on 30 August 2002 at approximately 10:00 a.m. and did not feel impaired. She was driving home from her friend's house when she was stopped by Blow. Defendant could not remember how much she drank at the pub but admitted telling Officer Blow that she had six beers and "had too much to drink." She conceded she also "may have had a mixed drink or so[,]" in addition to beer.
In reviewing the denial of a criminal defendant's motion to dismiss, we must determine whether the evidence at trial, viewed in the light most favorable to the State, was sufficient to allow a reasonable juror to find defendant guilty of the essential elements of the crime beyond a reasonable doubt. See State v. Earnhardt, 307 N.C. 62, 296 S.E.2d 649 (1982). A conviction under N.C. Gen. Stat. § 20-138.1(a)(1) (2003) requires proof that "defendant had ingested a sufficient quantity of an impairing substance to cause his faculties to be appreciably impaired. This means a finding that defendant's impairment could be recognized and estimated." State v. Phillips, 127 N.C. App. 391, 393, 489 S.E.2d 890, 891 (1997) (citations omitted). In the matter before us, Officer Blow's observations, including defendant's act of driving more than twenty miles over the speed limit, the odor of alcohol on her breath, her red and "very glassy" eyes, her inability to successfully perform the walk and turn test, and her admission to consuming an excessive amount of alcohol "last night" led him to conclude that defendant's physical and mental faculties were "appreciably impaired" by an intoxicant. "'The opinion of a law enforcement officer . . . has consistently been held sufficient evidence of impairment, provided that it is not solely based on the odor of alcohol.'" State v. Taylor, ___ N.C. ___, ___, 600 S.E.2d 483, 489 (2004) (quoting State v. Mark, 154 N.C. App. 341, 346, 571 S.E.2d 867, 871 (2002), aff'd, 357 N.C. 242, 580 S.E.2d 693 (2003)). Moreover, the result of an Intoxilyzer analysis performed upon defendant's breath approximately one and one-half hours after the traffic stop was .08, a concentration of alcohol which was alone sufficient to establish defendant's violation of N.C. Gen. Stat. § 20-138.1(a)(2). See State v. Shuping, 312 N.C. 421, 431, 323 S.E.2d 350, 356 (1984) (holding results of valid breath analysis to be "sufficient to satisfy the State's burden of proof as to this element of the offense of DWI"). Taken together, such evidence supported the submission of the charge to the jury. See State v. Catoe, 78 N.C. App. 167, 170, 336 S.E.2d 691, 693 (1985), disc. review denied, 316 N.C. 380, 344 S.E.2d 1 (1986); State v. O'Rourke 114 N.C. App. 435, 441, 442 S.E.2d 137, 140 (1994); State v. Beasley, 104 N.C. App. 529, 533, 410 S.E.2d 236, 239 (1991).
The record on appeal contains additional assignments of error not addressed by defendant in her brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6), we deem them abandoned.
No error.
Judges HUNTER and STEELMAN concur.
Report per Rule 30(e).