STATE OF NORTH CAROLINA v. JEFFREY MICHAEL PHILLIPS, DEFENDANT

No. COA97-252

(Filed 2 September 1997)

**1. Criminal Law § 67 (NCI4th Rev.)— jurisdiction—speeding—dismissal in district court—no superior court jurisdiction**

The superior court erred in exercising jurisdiction over defendant's speeding offense where the record revealed that the State had taken a voluntary dismissal on the speeding charge in the district court and there was no evidence that the dismissal was granted pursuant to a plea arrangement with defendant. N.C.G.S. § 15A-1431.

**2. Automobiles and Other Vehicles § 845 (NCI4th)— driving while impaired—appreciable impairment—sufficient evidence**

The State presented sufficient evidence that defendant was appreciably impaired to support his conviction of DWI under N.C.G.S. § 20-138.1(a)(1) where the arresting officer testified that he observed defendant driving erratically, that defendant had an odor of alcohol about him, and that defendant admitted he had been drinking significantly earlier in the evening.

**3. Automobiles and Other Vehicles § 845 (NCI4th)— breathalyzer test—calibration of instrument—use of .10 solution—reliable evidence of intoxication**

A breathalyzer test performed on defendant was not invalid because the instrument used for the test was calibrated by using a .10 rather than a .08 stock solution; therefore, a reading of .09 constituted reliable evidence sufficient to support defendant's DWI conviction under N.C.G.S. § 20-138.1(a)(2).

**4. Automobiles and Other Vehicles § 849 (NCI4th)— DWI—proof of public highway**

The trial court did not err in denying defendant's motion to set aside a DWI verdict based on the defendant's contention that the State did not prove that his offense was committed on a public highway where the record revealed that the arresting officer testified defendant committed the offense on a highway, specifically Highway 70.

STATE v. PHILLIPS

[127 N.C. App. 391 (1997)]

Appeal by defendant from judgments entered 13 November 1996 by Judge Claude S. Sitton in Burke County Superior Court. Heard in the Court of Appeals 25 August 1997.

*Attorney General Michael F. Easley, by Associate Attorney General Reuben F. Young, for the State.*

*C. Gary Triggs and Susan Janney, for defendant appellant.*

SMITH, Judge.

Defendant was charged with driving while impaired (DWI) in violation of N.C. Gen. Stat. § 20-138.1 (1993) and speeding 56 in a 35 mile per hour zone in violation of N.C. Gen. Stat. § 20-141 (1993). The record on appeal indicates that at his district court trial, defendant's speeding charge was voluntarily dismissed. Defendant pleaded not guilty to the DWI, but was found guilty of that offense. Defendant appealed to the superior court. Following a trial *de novo*, the jury found defendant guilty of both offenses. The trial court imposed a suspended sentence and a fine for each conviction. From the judgments entered, defendant appeals.

The State's evidence shows that on 23 July 1994, at approximately 2:05 a.m., defendant was operating his vehicle on Highway 70 in Hildebran, North Carolina. Trooper Harold Bryan of the North Carolina State Highway Patrol stopped defendant after he clocked defendant's vehicle traveing 56.6 miles per hour in a 35 mile per hour zone. Prior to stopping the vehicle, Trooper Bryan observed the vehicle weave towards the right shoulder of the roadway, cross over the center line and make jerking movements on the road. When Trooper Bryan stopped the vehicle he observed that defendant had a pronounced odor of alcohol about him. Defendant responded affirmatively when Trooper Bryan asked if he had been drinking that night. Trooper Bryan subsequently placed defendant under arrest. Although defendant refused to take any field sobriety tests, he did submit to a breathalyzer and signed the consent form after Trooper Bryan read defendant his rights. The test revealed defendant had a blood alcohol concentration, or BAC, of 0.09.

[1] Initially, we note in the case *sub judice*, that because the State took a voluntary dismissal at the district court on the speeding charge, that offense was not properly before the superior court for final disposition. The record does not indicate that the State took the voluntary dismissal pursuant to any plea arrangement with

defendant. *See* N.C. Gen. Stat. § 15A-1432 (1988); *State v. Joseph*, 92 N.C. App. 203, 374 S.E.2d 132 (1988), *cert. denied*, 324 N.C. 115, 377 S.E.2d 241 (1989). Thus, the superior court did not have jurisdiction over the speeding offense. *See* N.C. Gen. Stat. § 15A-1431 (Cum. Supp. 1996).

**[2]** Defendant first argues that the trial court committed prejudicial error by denying his motion to dismiss on the basis that the State failed to establish essential elements of DWI. Specifically, defendant contends that the State did not prove beyond a reasonable doubt that he was impaired as provided by N.C. Gen. Stat. § 20-138.1(a)(1) or that his BAC was at least 0.08 as provided by N.C. Gen. Stat. § 20-138.1(a)(2). We do not agree.

Before defendant can be convicted under N.C. Gen. Stat. § 20-138.1(a)(1), the State must prove beyond a reasonable doubt that defendant had ingested a sufficient quantity of an impairing substance to cause his faculties to be appreciably impaired. *See State v. Harrington*, 78 N.C. App. 39, 336 S.E.2d 852 (1985). This means a finding that defendant's impairment could be recognized and estimated. *Id.*

In reviewing a trial court's denial of a motion to dismiss this Court must consider the evidence in the light most favorable to the State, giving the State the benefit of all permissible favorable inferences. *State v. Earnhardt*, 307 N.C. 62, 296 S.E.2d 649 (1982). A review of the record in the light most favorable to the State shows that there was sufficient evidence that defendant was appreciably impaired. Trooper Bryan testified he observed defendant driving erratically and defendant had a pronounced alcohol odor about him on 23 July 1994. Trooper Bryan also testified defendant admitted he had been drinking significantly earlier in the evening. There was sufficient evidence to satisfy the requirements of N.C. Gen. Stat. § 20-138.1(a)(1).

**[3]** Defendant's contention that the instrument Trooper Bryan used was not properly calibrated to measure a BAC level of 0.08 is not persuasive. The record shows that Trooper Bryan performed the breathalyzer test on the Intoxilyzer 5000 according to the approved methods, and he was qualified to administer the chemical analysis pursuant to N.C. Gen. Stat. § 20-139.1(b) (1993). The instrument was properly calibrated and the calibration check revealed the expected reading of 0.10. The Department of Environment, Health and Natural Resources did not modify the calibration procedure for the

Intoxilyzer 5000 to utilize a 0.08 stock solution during simulation testing until 1 May 1995.

As the instrument yielded a 0.10 during simulation testing with a 0.10 stock solution, the machine was operating accurately. *State v. Shuping*, 312 N.C. 421, 323 S.E.2d 350 (1984). Subsequent testing of defendant's breath presented a reading that is reliable. *Id.* The fact that the instrument was calibrated using a 0.10 stock solution during simulation testing is inconsequential. Once the trial court determined that the chemical analysis of defendant's breath was valid, then the reading constituted reliable evidence and was sufficient to satisfy the State's burden of proof under N.C. Gen. Stat. § 20-138.1(a)(2). *Id.* The trial court did not err by denying defendant's motion to dismiss.

[4] Defendant next argues that the trial court committed prejudicial error by denying his motion to set aside the jury verdicts as being against the greater weight of the evidence. Defendant contends that the State failed to prove that either offense charged was committed on any public highway. We do not agree.

"Motions to set aside the verdict . . . based upon insufficiency of the evidence are addressed to the discretion of the trial court and refusal to grant them is not reviewable on appeal in the absence of abuse of discretion." *State v. Hamm*, 299 N.C. 519, 523, 263 S.E.2d 556, 559 (1980). A review of the record reveals there was sufficient evidence in the form of Trooper Bryan's testimony to show that defendant committed the offense on a highway, specifically Highway 70. Further, defendant shows no abuse of discretion. We find that the trial court did not err by denying defendant's motion to set aside the DWI verdict. For the reasons which have been previously discussed, there is no need to address the issue of whether the trial court erred by denying defendant's motion to set aside the speeding verdict.

We hold that defendant received a fair trial free of prejudicial error as to the DWI charge. Because the superior court lacked jurisdiction to dispose of the speeding charge, judgment is arrested on the speeding conviction in case number 94 CRS 5958.

No error on the DWI charge; judgment arrested on the speeding charge.

Judges WYNN and JOHN concur.