STATE OF NORTH CAROLINA v. LAWYER EDWARD GREGORY

No. COA02-278

(Filed 17 December 2002)

**1. Motor Vehicles— DWI—sufficiency of evidence—no intoxilyzer—no field sobriety test**

The failure of the State to present the results of intoxilyzer or field sobriety tests did not render the evidence insufficient for a DWI conviction where a deputy saw defendant make an abrupt lane change without signaling, speed, and jam on his brakes before stopping in the middle of traffic; the deputy noticed a strong odor of alcohol coming from the car and defendant had red, glassy eyes and slurred speech; defendant staggered when he walked to the patrol car and had to steady himself against his vehicle; defendant refused to submit to the intoxilyzer test; and both the deputy and the officer who attempted to give defendant an intoxilyzer test formed the opinion that defendant's faculties were appreciably impaired.

**2. Evidence— impeachment—prior DWI offenses**

The trial court properly denied a motion in limine to suppress prior DWI convictions. A careful reading of the applicable statutes indicates that a DWI conviction is a Class 1 misdemeanor and is admissible for impeachment purposes under N.C.G.S. § 8C-1, Rule 609(a).

Appeal by defendant from judgment entered 15 October 2001 by Judge Knox V. Jenkins, Jr. in Johnston County Superior Court. Heard in the Court of Appeals 14 November 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Isaac T. Avery, III, for the State.*

*Samuel L. Bridges for defendant-appellant.*

WALKER, Judge.

Defendant was found guilty of habitual driving while impaired (DWI) and driving while license revoked (DWLR). He was sentenced to a minimum of 19 months and a maximum of 23 months for his habitual DWI conviction and to 120 days for the DWLR conviction. The trial court suspended defendant's DWLR sentence on the condition that he be placed on probation for 36 months with intensive probation for 6 months.

The State's evidence tended to show that in the early morning hours of 20 June 2001, Deputy Sheriff Brian Clifton of the Johnston County Sheriff's Department was on routine patrol traveling north on Brightleaf Boulevard in Smithfield when he observed a vehicle traveling in the same direction make an "abrupt" movement from the right lane into the left turn lane without signaling. Deputy Clifton pulled behind the vehicle and followed it as it made a left turn and accelerated to 50 miles per hour in a 25 mile-per-hour zone. After Deputy Clifton activated his siren and blue lights to initiate a stop, the vehicle "jammed on the brakes approximately three times, hard stops." The vehicle turned onto a side street and then stopped in the middle of the lane of traffic rather than pulling off the edge of the road.

Deputy Clifton testified that, as he approached the vehicle, the driver's side window was down, and he noticed a strong odor of alcohol coming from inside the vehicle. He also testified that after he determined defendant was the driver, he asked him if he had been drinking, and defendant responded "that he had a few beers about an hour ago." Deputy Clifton asked defendant if he had a driver's license, and defendant responded that he did not. Deputy Clifton then asked defendant to step back to the patrol car to determine the status of defendant's driver's license.

Deputy Clifton further testified that, as defendant began walking towards the patrol car, "[h]e staggered, [and] placed his left hand on the side of the van" to steady himself. When defendant got into the patrol car, Deputy Clifton noticed defendant had a strong odor of alcohol, red, glassy eyes and slurred speech. As Deputy Clifton administered two alco-sensor tests, he received a report that defend-

ant's driver's license had been revoked. Deputy Clifton then informed defendant that he was going to be placed under arrest for DWI and DWLR and that the vehicle would be seized as a result of the incident. Deputy Clifton testified that, at this point, defendant became "belligerent" and "combative" and "didn't want to cooperate in any way." Deputy Clifton further testified that he did not request defendant to perform any field sobriety tests because he "didn't feel it was in his [defendant's] best interest . . . [since] it wouldn't be safe."

Deputy Clifton took defendant to the intoxilyzer room of the Smithfield Police Department, where Officer Greg Franklin began to read defendant his intoxilyzer rights. Deputy Clifton testified that defendant argued with Officer Franklin, cursed and became "very belligerent, uncooperative, [and] extremely combative . . . ." After Officer Franklin finished reading defendant his intoxilyzer rights, defendant refused to sign the intoxilyzer rights form or to submit to the intoxilyzer test.

Deputy Clifton read defendant his *Miranda* rights and asked him to answer questions for the alcohol incident report, but defendant refused. Deputy Clifton and Officer Franklin then took defendant to the magistrate to be charged.

At trial, Deputy Clifton testified that, in his opinion, defendant had consumed a sufficient quantity of an impairing substance to appreciably impair his mental and physical faculties. Officer Franklin similarly testified that, in his opinion, defendant was appreciably impaired based on his interaction with defendant in the intoxilyzer room.

[1] Defendant first contends the trial court erred in denying his motion to dismiss for insufficient evidence. Specifically, defendant argues that, because the State's evidence did not include an intoxilyzer test or any field sobriety tests, it failed to present sufficient objective evidence that he was appreciably impaired to sustain his conviction for DWI.

In ruling on a motion to dismiss for insufficient evidence, the trial court must determine whether substantial evidence of each element of the offense charged has been presented. *State v. Carr*, 122 N.C. App. 369, 470 S.E.2d 70 (1996). " 'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *State v. Bullard*, 312 N.C. 129, 160, 322 S.E.2d 370, 387 (1984) (citation omitted). The trial court must view all evi-

dence in the light most favorable to the State and draw all reasonable inferences in the State's favor. *State v. Patterson*, 335 N.C. 437, 439 S.E.2d 578 (1994).

"A person commits the offense of habitual impaired driving if he drives while impaired as defined in G.S. 20-138.1 and has been convicted of three or more offenses involving impaired driving . . . ." N.C. Gen. Stat. § 20-138.5(a) (2001). For a defendant to be guilty of driving while impaired under N.C. Gen. Stat. § 20-138.1 (2001), the State must prove "that defendant had ingested a sufficient quantity of an impairing substance to cause his faculties to be appreciably impaired." *State v. Phillips*, 127 N.C. App. 391, 393, 489 S.E.2d 890, 891 (1997) (citation omitted).

An intoxilyzer test and field sobriety tests are not required to establish a defendant's faculties as being appreciably impaired under N.C. Gen. Stat. § 20-138.1. *See, e.g., State v. Rich*, 351 N.C. 386, 527 S.E.2d 299 (2000). Further, "it is a well-settled rule that a lay person may give his opinion as to whether a person is intoxicated so long as that opinion is based on the witness's personal observation." *Rich, supra,* 351 N.C. at 398, 527 S.E.2d at 306 (*citing State v. Lindley,* 286 N.C. 255, 258, 210 S.E.2d 207, 209 (1974)). An officer's opinion that a defendant is appreciably impaired is competent testimony and admissible evidence when it is based on the officer's personal observation of an odor of alcohol and of faulty driving or other evidence of impairment. *Rich, supra; Atkins v. Moye,* 277 N.C. 179, 176 S.E.2d 789 (1970); *State v. Hewitt,* 263 N.C. 759, 140 S.E.2d 241 (1965). The refusal to submit to an intoxilyzer test also is admissible as substantive evidence of guilt on a DWI charge. *State v. Pyatt,* 125 N.C. App. 147, 479 S.E.2d 218 (1997).

Here, Deputy Clifton testified that he observed defendant make an abrupt lane change without signaling, speed and "jam" on his brakes before stopping in the middle of a lane of traffic. He also testified that he noticed a strong odor of alcohol coming from defendant and that defendant had red, glassy eyes as well as slurred speech. Further, Deputy Clifton testified that defendant staggered when he walked to the patrol car and had to steady himself against his vehicle. Both Deputy Clifton and Officer Franklin testified that, in their opinions, defendant's faculties were appreciably impaired. Defendant also refused to submit to an intoxilyzer test after being read his intoxilyzer rights. Thus, based on this evidence of defendant's impairment, we hold the trial court did not err in denying defendant's motion to dismiss for insufficient evidence.

**[2]** In his next assignment of error, defendant argues that the trial court erred in denying his *motion in limine* to suppress and bar the use of his prior DWI convictions. Defendant contends that N.C. Gen. Stat. § 8C-1, Rule 609 (2001) prohibits the use of prior DWI convictions for impeachment purposes when the convictions are "unclassified" misdemeanors.

We first note that Rule 609 permits impeachment by "evidence that the witness has been convicted of a felony, or of a Class A1, Class 1, or Class 2 misdemeanor . . . ." N.C. Gen. Stat. § 8C-1, Rule 609(a). The classification of a DWI conviction involves a review of applicable statutes. N.C. Gen. Stat. § 20-138.1(d) states that "[i]mpaired driving as defined in this section is a misdemeanor." N.C. Gen. Stat. § 15A-1340.23(a) (2001) provides that "[i]f the offense is a misdemeanor for which there is no classification, it is as classified in G.S. 14-3." The relevant portion of N.C. Gen. Stat. § 14-3 (2001) states that

> [a]ny misdemeanor that has a specific punishment, but is not assigned a classification by the General Assembly pursuant to law is classified as follows, based on the maximum punishment allowed by law for the offense . . . (1) If that maximum punishment is more than six months imprisonment, it is a Class 1 misdemeanor . . . .

N.C. Gen. Stat. § 14-3(a)(1). The maximum punishment permitted by statute for misdemeanor DWI is imprisonment for "a minimum term of not less than 30 days and a maximum term of not more than 24 months." N.C. Gen. Stat. § 20-179(g) (2001). A careful reading of these statutes leads us to conclude that a DWI conviction is a Class 1 misdemeanor and, thus, is admissible for impeachment purposes under Rule 609(a). Therefore, we hold the trial court properly denied defendant's *motion in limine* to suppress his prior DWI convictions.

We have carefully reviewed defendant's remaining assignment of error and find it to be without merit.

No error.

Judges McCULLOUGH and TYSON concur.