STATE OF NORTH CAROLINA v. SUSAN DANETTE WOOD

No. COA05-703

(Filed 6 December 2005)

**1. Motor Vehicles— felonious fleeing by motor vehicle to elude arrest—instruction**

The trial court did not commit plain error by instructing the jury on the charge of felony fleeing by motor vehicle to elude arrest, because: (1) defendant failed to cite to any case law or statute that requires the trial court to define the terms of "reckless driving," "negligent driving," and "driving with license revoked" during its jury instruction; (2) the trial court charged the jury using the language of the pattern jury instruction which stated it had to find at least two of the three aggravating factors set out in the bill of indictment were present in order to convict defendant of felonious speeding to elude arrest; (3) while defendant was not specifically charged with either reckless driving under N.C.G.S. § 20-140 or driving while her license was revoked under N.C.G.S. § 20-28, substantial evidence was presented which tended to show defendant had struck an officer's vehicle and caused more than $1,000 in damage; and (4) evidence was presented that tended to show defendant's driving was erratic, she

accelerated to hit an officer's vehicle, and the jury found her speeding twelve miles per hour over the limit.

**2. Motor Vehicles— driving while impaired—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of impaired driving, because: (1) defendant admitted she had consumed alcohol prior to driving, a fact confirmed by the breathalyzer result and an open half-filled bottle of vodka found in the passenger area of her vehicle; (2) an officer smelled an odor of alcohol when he approached defendant's vehicle a second time and also testified that in his opinion defendant's faculties were appreciably impaired; and (3) nothing in the record indicated that defendant requested the jury to designate on the verdict sheet which prong of the statute it found defendant to have violated.

Appeal by defendant from judgments entered 3 February 2005 by Judge Mark E. Klass in Rowan County Superior Court. Heard in the Court of Appeals 2 December 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Patricia A. Duffy, for the State.*

*Richard Croutharmel, for defendant-appellant.*

TYSON, Judge.

Susan Danette Wood ("defendant") appeals from judgments entered after a jury found her to be guilty of: (1) felonious fleeing to elude arrest with a motor vehicle; (2) impaired driving; (3) driving with an expired registration; and (4) speeding. We find no error.

## I.  Background

The State's evidence tended to show that at approximately 6:45 a.m. on 12 July 2003, defendant was driving a 1986 Mercury vehicle on North Main Street in China Grove, North Carolina. China Grove Police Officer Nicholas J. Villa ("Officer Villa") noticed defendant's vehicle displayed an expired license tag and he followed her in his marked patrol vehicle with its blue lights activated. Defendant drove an additional one-half mile before pulling off the road at 1740 Highway 29 North. Defendant testified that was the nearest point where she could safely pull off the road.

Officer Villa approached defendant's vehicle and asked her to roll down her window so that he could check her driver's license and registration. Defendant rolled down her window about two inches and informed Officer Villa that her driver's license and registration were inside her purse, located in the trunk. Officer Villa instructed defendant to retrieve the items from the trunk. Defendant retrieved a Florida driver's license from her purse but failed to produce the registration card for her vehicle. After checking defendant's license plate number, Officer Villa learned that the vehicle had an "insurance stop" on file.

Officer Villa informed defendant that upon receiving a report of an "insurance stop," an officer must remove the license plate and have the vehicle towed and stored until proper insurance could be verified or obtained. Defendant told Officer Villa that the vehicle was insured and "she had just paid $20 for the tag and [he] was not going to take her tag." Officer Villa returned to his patrol vehicle, called a tow truck, and began to write a citation charging defendant with failure to maintain liability insurance and failure to show registration. During this time, Rowan County Sheriff's Department Lieutenant Sam Towne ("Lieutenant Towne") joined Officer Villa at the scene.

When Officer Villa saw the tow truck approaching at 6:55 a.m., he picked up a screwdriver and walked toward defendant's vehicle. As Officer Villa bent down to remove the license plate, defendant drove off. Officer Villa and Lieutenant Towne chased defendant in their respective vehicles. During the five mile chase, defendant accelerated to fifty-seven miles per hour in a forty-five miles per hour speed zone. Eventually, defendant hit her brakes, turned off into a driveway area, and started to turn around as if to return onto the highway. Lieutenant Towne positioned his vehicle to block defendant's entrance back onto the highway. Defendant accelerated and "slammed into [Lieutenant Towne's] car" causing an estimated $1,830.55 in damage. Officer Villa "boxed in" defendant by positioning his vehicle behind her vehicle.

Other law enforcement officers arrived and removed defendant from her vehicle. As defendant was removed from her vehicle, Officer Villa testified he noticed a strong odor of alcohol emitting from defendant. A half-empty bottle of vodka was found in defendant's vehicle. Officer Villa asked defendant if she would submit to a field breathalyser test. Defendant refused to answer. Based on defendant's demeanor and Officer Villa's past experience, he formed the opinion that defendant's mental and physical faculties were impaired by alcohol.

STATE v. WOOD

[174 N.C. App. 790 (2005)]

After being transported to the Salisbury Police Department, defendant was read her rights, observed for the mandatory waiting period, and at 8:50 a.m. took the Intoxilyzer test. The test registered a 0.07 breath alcohol concentration.

At trial on 2 February 2005, Paul Glover ("Glover"), an employee of the Department of Health and Human Services for the Forensic Tests Alcohol Branch, testified that he had performed a retrograde extrapolation which he believed would show defendant's alcohol concentration at the time of the original stop of defendant's vehicle to have been 0.10. The State laid no foundation to show the relevancy of this testimony and Glover failed to correlate any factors to be consistent with this defendant or to compare his averages to defendant's individual specific characteristics.

On 3 February 2005, the jury returned guilty verdicts for felony speeding to elude arrest, impaired driving, expired registration, and speeding fifty-seven miles per hour in a forty-five miles per hour zone. The trial court entered judgments and imposed an active sentence of six months for the driving while impaired conviction and a suspended term of eight to ten months for the speeding to elude arrest, speeding, and expired registration convictions. Defendant appeals.

## II. Issues

The issues on appeal are whether the trial court erred by: (1) failing to properly instruct the jury on the felony fleeing to elude arrest by motor vehicle; and (2) denying defendant's motion to dismiss the driving while impaired charge.

## III. Felony Fleeing to Elude Arrest by Motor Vehicle

[1] Defendant first contends the trial court failed to properly instruct the jury on the charge of felony fleeing to elude arrest by motor vehicle. Defendant did not object to the trial court's instructions and asks this Court to review for plain error.

Plain error arises when the error is " 'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]' " *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)).

Here, the trial court instructed the jury on felony fleeing to elude arrest by motor vehicle as follows:

The defendant has been charged with felonious operation of a motor vehicle to elude arrest. For you to find the defendant guilty of this offense, the State must prove four things beyond a reasonable doubt.

First, that the defendant was operating a motor vehicle. Second, that the defendant was operating that motor vehicle on a street, highway or public vehicular area. Third, that the defendant was fleeing or attempting to elude a law enforcement officer who was in the lawful performance of his duties, a law enforcement officer with authority to enforce motor vehicle laws . . . And fourth, that two or more of the following factors were present at the time— reckless driving, [] negligent driving leading to an accident causing property damage in excess of $1,000, or driving while her license were revoked.

Defendant specifically argues that since "reckless driving," "negligent driving," and "driving with license revoked" were the three named aggravating factors that led to her conviction under N.C. Gen. Stat. § 20-141.5(b)(5), the trial court should have defined those terms for the jury. Defendant fails to cite to any case law or statute which requires the trial court to define those terms during its jury instruction. Furthermore, the trial court properly charged the jury using the language of the pattern jury instruction which stated it had to find at least two of the three aggravating factors set out in the bill of indictment were present in order to convict defendant of felonious speeding to elude arrest. N.C.P.I. Crim. 270.54A; *see State v. Woodard,* 146 N.C. App. 75, 552 S.E.2d 650 (2001). While defendant was not specifically charged with either reckless driving under N.C. Gen. Stat. § 20-140 or driving while her license was revoked under N.C. Gen. Stat. § 20-28, substantial evidence was presented which tended to show defendant had struck Lieutenant Towne's vehicle and caused more than $1,000.00 in damage. Evidence was presented that tended to show defendant's driving was erratic, she accelerated to hit Lieutenant Towne's vehicle, and the jury found her speeding twelve miles over the limit. Defendant has failed to meet her burden under plain error review to warrant a new trial. This assignment of error is overruled.

## IV. Motion to Dismiss

[2] Defendant also contends the trial court erred in denying her motion to dismiss her driving while impaired conviction based on

insufficiency of the evidence. Defendant argues that the State did not present substantial evidence that she was impaired. We disagree.

### A. Standard of Review

The standard for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *State v. Patterson*, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994). In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." *State v. King*, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996) (citing *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980)).

> A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State: (1) While under the influence of an impairing substance or (2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more.

N.C. Gen. Stat. § 20-138.1 (2003). Under section (2) of the statute, the only relevant evidence of this defendant's alcohol concentration was a breathalyser result of 0.07. Other testimony sufficiently supports the jury's conviction of defendant under N.C. Gen. Stat. § 20-138.1(a)(1) of driving "[w]hile under the influence of an impairing substance." *See State v. Coker*, 312 N.C. 432, 440, 323 S.E.2d 343, 349 (1984) (N.C. Gen. Stat. § 20-138.1 creates one offense that "may be proved by either or both theories."); *see also State v. Mark*, 154 N.C. App. 341, 346, 571 S.E.2d 867, 871 (2002), *aff'd*, 357 N.C. 242, 580 S.E.2d 693 (2003) ("The opinion of a law enforcement officer . . . has consistently been held sufficient evidence of impairment . . . ."). "An officer's opinion that a defendant is appreciably impaired is competent testimony and admissible evidence when it is based on the officer's personal observation of an odor of alcohol and of faulty driving or other evidence of impairment." *State v. Gregory*, 154 N.C. App. 718, 721, 572 S.E.2d 838, 840 (2002) (citation omitted).

**STATE v. WOOD**

[174 N.C. App. 790 (2005)]

Here, defendant admitted she had consumed alcohol prior to driving, a fact confirmed by the breathalyzer result, and an open half-filled bottle of vodka was found in the passenger area of her vehicle. Officer Villa smelled an odor of alcohol when he approached defendant's vehicle a second time. Officer Villa also testified that in his opinion defendant's faculties were appreciably impaired.

The jury's verdict does not reflect which prong of the statute they found defendant had violated. Nothing in the record indicates defendant requested the jury designate on the verdict sheet which prong it found defendant to have violated. As defendant failed to: (1) request separate instructions; (2) object to the trial court's instructions; (3) assign error to the instructions; or (4) request that the jury determine on the verdict sheet under which prong of the statute they found her guilty or argue plain error, this issue is not reviewable. The trial court properly denied defendant's motion to dismiss. This assignment of error is overruled.

## V. Conclusion

The trial court properly instructed the jury on the charge of felony fleeing to elude arrest by motor vehicle. The trial court did not err in denying defendant's motion to dismiss the charge of impaired driving. Sufficient evidence was presented which tended to show defendant was driving while impaired. We find no error.

No error.

Judges McCULLOUGH and ELMORE concurs.