STATE OF NORTH CAROLINA v. LAURA ANN FULLER

No. COA05-289

(Filed 21 February 2006)

**1. Evidence— denial of motion to prevent expert witness from testifying—probable blood alcohol content prior to breathalyzer**

The trial court did not abuse its discretion in a driving while impaired case by denying defendant's motion to prevent the State from calling its expert witness to testify regarding defendant's probable blood alcohol content at times prior to a breathalyzer test, because: (1) defendant was on notice that such evidence might be offered as extrapolation evidence has been accepted in this state since 1985; and (2) in light of defendant's clear understanding of the importance of this evidence to the State's case against her and its longstanding acceptance in the courts of this state, it cannot be concluded that the trial court's decision to deny defendant's motion was manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision.

**2. Motor Vehicles— driving while impaired—motion for mistrial—mentioning Alco-Sensor test**

The trial court did not abuse its discretion in a driving while impaired case by denying defendant's motion for a mistrial after an officer referred to an Alco-Sensor test during his testimony, because: (1) the officer did not testify regarding the results of the Alco-Sensor test, but only that one was administered; (2) the results of an alcohol screening test may be used by an officer to determine if there are reasonable grounds to believe that a driver has committed an implied consent offense under N.C.G.S. § 20-16.2; and (3) immediately after the officer's testimony regarding his reliance on the Alco-Sensor results, the trial court instructed the jury to dismiss that statement from their minds and not consider it in deliberations, and all jurors raised their hands at the trial court's request to indicate that they could follow the trial court's instruction.

**3. Evidence— expert opinion—blood alcohol concentration at relevant time**

The trial court did not err in a driving while impaired case by allowing over defendant's objection the State's expert to offer his

STATE v. FULLER

[176 N.C. App. 104 (2006)]

opinion as to defendant's blood alcohol concentration at the time she was first contacted by the officers, because: (1) for purposes of N.C.G.S. § 20-4.01(33a), the term relevant time after the driving refers to any time after the driving in which the driver still has in his body alcohol consumed before or during the driving; and (2) there was no evidence that defendant consumed any alcoholic beverages between the time of the accident and the arrival of the officers, and consequently, the officers' arrival time meets the statutory definition of a relevant time after the driving.

**4. Evidence— publication of expert calculation document— relevant time**

The trial court did not err in a driving while impaired case by allowing the State to publish its expert's calculation document to the jury regarding defendant's blood alcohol concentration at the time she was first contacted by the officers, over defendant's objection, based on the same reasoning the Court of Appeals has already used in this case regarding the definition of relevant time.

**5. Motor Vehicles— driving while impaired—motion to dismiss—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of driving while impaired at the close of all evidence, because the opinion of the State's expert that defendant's blood alcohol concentration at the time the officers first made contact with her was .08 is, alone, sufficient to withstand dismissal.

Judge TYSON concurring in the result.

Appeal by defendant from judgment entered 8 December 2004 by Judge Robert H. Hobgood in Alamance County Superior Court. Heard in the Court of Appeals 2 November 2005.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Isaac T. Avery, III, for the State.*

*James M. Bell, for defendant-appellant.*

JACKSON, Judge.

Defendant, Laura Ann Fuller, appeals from a verdict and judgment entered 8 December 2004 in Alamance Superior Court finding

her guilty of Driving While Impaired ("DWI") and sentencing her to sixty days confinement, which was suspended for twenty months subject to supervised probation.

At trial the State's evidence tended to show that on 27 March 2004 at 7:51 p.m., Corporal Duane Flood ("Corporal Flood") and Officer Jennifer Brown ("Officer Brown"), both of the Graham Police Department, responded to a reported hit and run vehicle accident. When the officers arrived at the scene they observed defendant and another woman sitting in a vehicle on the shoulder of the road. Defendant was seated behind the wheel of the vehicle. Officer Brown approached defendant and immediately detected a moderate to strong odor of alcohol and that her speech was slurred. When Officer Brown asked defendant to step out of the vehicle, defendant seemed unsteady on her feet and immediately leaned against the vehicle. Corporal Flood also detected a strong odor of alcohol on defendant's breath after she exited the vehicle. Corporal Flood observed that defendant's eyes were red, bloodshot, and glassy and her speech was slurred.

Defendant claimed that another vehicle, which she could not describe, had crossed the center line and sideswiped her vehicle as she attempted to turn from a side road. Neither officer observed any physical evidence to support defendant's claim that her vehicle had been sideswiped by another vehicle. There was no paint transfer on defendant's vehicle nor any vehicle debris in the roadway where the collision purportedly occurred to indicate she had collided with another vehicle. The only evidence of a collision was the damage to defendant's vehicle.

Corporal Flood asked defendant to perform field sobriety tests, but she refused due to a knee injury which she believed would affect her ability to perform the tests. Defendant stated to Corporal Flood that she had been drinking beer prior to the accident. Corporal Flood testified that based upon his observations of defendant, the fact that she was involved in an accident, her statement that she had been drinking beer prior to the accident, and a field Alco-Sensor reading, he arrested defendant for DWI. Defendant objected to Corporal Flood's reference to the Alco-Sensor test as inadmissible. The trial court sustained the objection and instructed the jury to disregard the statement. The trial court then asked the jurors if they could disregard the statement in their deliberation and all of the jurors indicated that they could. Defendant moved for a mistrial. The motion was denied.

STATE v. FULLER

[176 N.C. App. 104 (2006)]

Corporal Flood and Officer Brown transported defendant to the Alamance County Jail where Corporal Flood, who held a permit to administer blood alcohol breath tests on the Intoxilyzer 5000, administered an Intoxilyzer test to defendant with her consent. The Intoxilyzer test was administered at 8:58 p.m. and showed a blood alcohol concentration of 0.07—one hour and seven minutes after the officers' arrival at the accident scene. After being read her Miranda Rights and taking the breath test, defendant told the officers, in response to their questions, that she had begun drinking about 2:30-3:00 p.m. and had consumed about one and a half beers. Defendant further stated that she had stopped drinking about three to four hours before being questioned. Defendant also denied being under the influence of any intoxicants other than the beer she had consumed.

Defendant pled guilty to DWI in Alamance County District Court and was sentenced on that charge. Defendant then appealed the judgment to the Alamance County Superior Court. On the morning of defendant's trial in superior court, the State served notice on defendant that it would be calling an expert witness to testify regarding defendant's probable blood alcohol content at times prior to the breath test. Defendant made a motion to prevent the State from calling the expert, which was denied. The expert testified at trial that defendant's blood alcohol concentration at the time the officers first came into contact with her was likely 0.08.

Defendant was convicted of DWI and sentenced to sixty days confinement, which was suspended for twenty months subject to supervised probation. Defendant filed timely notice of appeal.

On appeal, defendant assigns as error: (1) the trial court's denial of her motion to prevent the State from calling its expert witness; (2) the trial court's denial of her motion for a mistrial following Corporal Flood's testimony regarding an Alco-Sensor test; (3) the trial court's allowing the State's expert to testify regarding his opinion of defendant's probable blood alcohol concentration at a particular point in time, over defendant's objection; (4) the trial court's allowing a redacted alcohol concentration calculation to be published to the jury; and (5) the trial court's denial of her motion to dismiss at the close of the evidence.

[1] Defendant first argues that the trial court erred in denying her motion to prevent the State from presenting its expert witness as she was not notified of the State's intention to call the expert in sufficient time to allow her to procure a rebuttal witness. Defendant concedes

that there are no statutory discovery requirements under the circumstances of this case as defendant had pled guilty to the offense in district court and appealed to superior court. Article 48 of the North Carolina General Statutes, Discovery in the Superior Court, applies only to cases within the Superior Court's original jurisdiction. N.C. Gen. Stat. § 15A-901 (2003).

Defendant contends, however, that the trial court abused its discretion in denying her motion as doing so was fundamentally unfair and highly prejudicial to her. Defendant asserts that, with her blood alcohol reading of .07 at 8:58 p.m. and little other evidence of intoxication, the expert testimony regarding her probable higher blood alcohol content at the time the officers first encountered her was essential for the State to prove her guilt. Defendant cites no persuasive authority in support of her argument.

The State contends that all legal requirements were followed and that the trial court did not abuse its discretion in denying defendant's motion. The State also points out that defendant was on notice that such evidence might be offered as extrapolation evidence has been accepted in this State since 1985. *State v. Davis*, 142 N.C. App. 81, 90, 542 S.E.2d 236, 241, *disc. review denied*, 353 N.C. 386, 547 S.E.2d 818 (2001).

An abuse of discretion occurs "where the court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). In light of defendant's clear understanding of the importance of this evidence to the State's case against her and its longstanding acceptance in the courts of this state, we cannot conclude that the trial court's decision to deny defendant's motion was "manifestly unsupported by reason . . . or so arbitrary that it could not have been the result of a reasoned decision." Accordingly, this assignment of error is overruled.

[2] Defendant next argues that the trial court erred by denying her motion for mistrial after Corporal Flood referred to an Alco-Sensor test during his testimony.

The decision to grant a motion for a mistrial is within the discretion of the trial court. *State v. McCarver*, 341 N.C. 364, 383, 462 S.E.2d 25, 36 (1995), *cert. denied*, 517 U.S. 1110, 116 S.Ct. 1332, 134 L. Ed. 2d 482 (1996). A mistrial should be declared only if there are serious improprieties making it impossible to reach a

fair, impartial verdict. *Id.* at 383, 462 S.E.2d at 35-36. "Jurors are presumed to follow a trial court's instructions." *Id.* at 384, 462 S.E.2d at 36.

*State v. Prevatte*, 356 N.C. 178, 253-54, 570 S.E.2d 440, 482 (2002), *cert. denied*, 538 U.S. 986, 155 L. Ed. 2d 681 (2003).

During cross-examination, defendant's attorney questioned Corporal Flood regarding what he relied upon to determine that defendant was appreciably impaired prior to arresting her. Corporal Flood replied that he had relied upon "[a] strong odor of alcohol . . . red glassy eyes, her speech, and then also with the backings of an Alco-Sensor test that was performed."

North Carolina General Statutes, section 20-16.3(d) (2003) controls the use of alcohol screening results as evidence. Section 20-16.3(d) provides, in relevant part, "[e]xcept as provided in this subsection, the *results* of an alcohol screening test may not be admitted in evidence in any court or administrative proceeding." (emphasis added). In the case *sub judice*, Corporal Flood did not testify regarding the results of the Alco-Sensor test, only that one was administered. The results of an alcohol screening test may be used by an officer to determine if there are reasonable grounds to believe that a "driver has committed an implied-consent offense under G.S. 16.2." N.C. Gen. Stat. § 20-16.3; *Moore v. Hodges*, 116 N.C. App. 727, 730, 449 S.E.2d 218, 220 (1994). Accordingly, Corporal Flood's testimony that he relied on the alcohol screening in making the determination that he had reasonable grounds to arrest defendant for DWI was properly admissible. Additionally, immediately after Corporal Flood's testimony regarding his reliance on the Alco-Sensor results the trial court instructed the jury to dismiss that statement from their minds and not consider it in deliberations. The trial court then asked the jurors to each raise their hand if they could follow the trial court's instruction. All jurors raised their hand in response. Accordingly, this assignment of error is overruled.

**[3]** Defendant next argues that the trial court erred in allowing, over her objection, the State's expert to offer his opinion as to defendant's blood alcohol concentration at the time she was first contacted by the officers. Defendant contends that the point in time selected by the expert was arbitrary and did not constitute a "relevant time after driving."

North Carolina General Statutes, section 20-138.1(a)(2) (2003) provides that "[a] person commits the offense of impaired driving if

he drives any vehicle upon any highway, any street, or any public vehicular area within this State . . . [a]fter having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more." Defendant apparently contends that the only "relevant times" that may be used in extrapolating a defendant's blood alcohol content are the time of an accident or the time a defendant is stopped by the police because those are times immediately after the suspect had been operating the vehicle. For purposes of Chapter 20, Motor Vehicles, of the North Carolina General Statutes, the term "relevant time after the driving" refers to "[a]ny time after the driving in which the driver still has in his body alcohol consumed before or during the driving." N.C. Gen. Stat. § 20-4.01(33a) (2003). This definition does not limit the meaning of "relevant time" to points immediately following the driving, but specifies "*any time* after the driving." *See State v. Rose*, 312 N.C. 441, 445, 323 S.E.2d 339, 341 (1984).

Defendant does not dispute the accuracy of the calculations, the validity of the methodology, nor the expert's qualifications, on appeal. Defendant takes exception only to the point in time utilized. There is absolutely no evidence that defendant consumed any alcoholic beverages between the time of the accident and the arrival of the officers and, consequently, the officers' arrival time meets the statutory definition of a "relevant time after the driving." Accordingly, this assignment of error is overruled.

[4] Defendant next assigns error to the publishing of the State's expert's calculation document to the jury over defendant's objection. In support of this contention, defendant reasserts the same arguments presented in the preceding assignment of error. For the reasons stated *supra*, this assignment of error is also overruled.

[5] Defendant's final assignment of error is that the trial court erred in denying her motion to dismiss for insufficient evidence at the close of all evidence. The standard of review on a motion to dismiss for insufficient evidence is whether the State has offered substantial evidence of each .required element of the offense charged. *State v. Williams*, 154 N.C. App. 176, 178, 571 S.E.2d 619, 620 (2002). Substantial evidence is relevant evidence which would be sufficient to convince a rational juror to accept a particular conclusion. *State v. Frogge*, 351 N.C. 576, 584, 528 S.E.2d 893, 899, *cert. denied*, 531 U.S. 994, 148 L. Ed. 2d 459 (2000). The evidence must be viewed in the light most favorable to the State and the State must be given the ben-

efit of every reasonable inference which may be drawn from the evidence when deciding a motion to dismiss for insufficient evidence. *State v. Martinez*, 149 N.C. App. 553, 561, 561 S.E.2d 528, 533 (2002).

The elements of the offense of impaired driving are either that the defendant has "ingested a sufficient quantity of an impairing substance to cause his faculties to be appreciably impaired," *State v. Phillips*, 127 N.C. App. 391, 393, 489 S.E.2d 890, 891 (1997), or that the defendant consumed sufficient alcohol that she has, at any relevant time after the driving, an alcohol concentration of 0.08 or more. N.C. Gen. Stat. § 138.1(a)(2). The opinion of the State's expert that defendant's blood alcohol concentration at the time the officers first made contact with her was .08 is, alone, sufficient to withstand dismissal for insufficient evidence on appeal. Defendant argues that the State's evidence was insufficient without the expert's opinion. As we already have held that the expert's opinion was properly allowed, this argument must fail. This assignment of error is overruled.

No error.

Judge TYSON concurs in results only in separate opinion.

Judge SMITH concurs.

TYSON, Judge concurring in the result.

The majority's opinion holds no error occurred in defendant's conviction of driving while impaired ("DWI"). I concur in the result to sustain defendant's conviction. I disagree with the majority's conclusion that the trial court did not err when it allowed State's witness Paul Glover ("Glover") to testify that defendant's blood alcohol level was 0.08 at the time of the accident using an average retrograde extrapolation rate. Glover was never able to identify when Plaintiff drove her vehicle, and he admitted that the time of driving is a critical issue.

I.  Expert Testimony

Defendant argues "at best, the admission of Mr. Glover's testimony was highly misleading, prejudicial and confusing." I agree.

The trial court admitted, over defendant's specific objection, Glover's testimony that . . . defendant had a 0.08 at the time of the accident. Glover relied on average extrapolation rate, pure

hearsay, instead of defendant's actual elimination rate to reach his conclusions. Glover failed to establish any connection or common attributes to correlate the average extrapolation rate to defendant's actual rate to establish relevancy.

*State v. Taylor*, 165 N.C. App. 750, 759, 600 S.E.2d 483, 490 (2004) (Tyson J. concurring) (internal quotations omitted). In the absence of any testimony that correlated the alcohol elimination rate to defendant's specific characteristics, this testimony is irrelevant and prejudicial. However, defendant failed to object to either the jury instructions or the verdict sheet and failed to preserve this issue for our review.

The judge instructed the jury as follows:

If you find from the evidence beyond a reasonable doubt that on or about March 27, 2004, the defendant drove a vehicle on a highway or street in this state, and that when she did so, she was under the influence of an impairing substance, or had consumed sufficient alcohol that at any relevant time after the driving the defendant had an alcohol concentration of .08 or more, it would be your duty to return a verdict of guilt. If do you not so find or if you have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

. . . .

Now, in the absence of the 12 trial jurors, any objection, corrections, or additions to the charge?

[Defendant's attorney]: To the charge, Your Honor?

COURT: Yes.

. . . .

[Defendant's attorney]: No, no, Your Honor.

This Court has stated:

Nothing in the record indicates defendant requested the jury designate on the verdict sheet which prong it found defendant to have violated. As defendant failed to: (1) request separate instructions; (2) object to the trial court's instructions; (3) assign error to the instructions; or (4) request that the jury determine on the verdict sheet under which prong of the statute they found her guilty or argue plain error, this issue is not reviewable. The trial

court properly denied defendant's motion to dismiss. This assignment of error is overruled.

*State v. Wood*, 174 N.C. App. 790, 796, 622 S.E.2d 120, 124 (2005).

Although Glover's irrelevant and improper testimony prejudiced defendant, Corporal Duane Flood's ("Corporal Flood") and Officer Jennifer Brown's ("Officer Brown") testimony together with defendant's admission that she had "consumed alcohol prior to driving, a fact confirmed by the breathalyzer result" were sufficient evidence to prove defendant operated a motor vehicle while she was under the influence of an impairing substance. *Id.* Corporal Flood testified that he observed a strong odor of alcohol on defendant's breath, and defendant's eyes were bloodshot, glassy and red. Officer Brown also observed a strong odor of alcohol and that defendant was not steady on her feet.

This Court has stated:

Other testimony sufficiently supports the jury's conviction of defendant under N.C. Gen. Stat. § 20-138.1(a) (1) of driving "[w]hile under the influence of an impairing substance." *See State v. Coker*, 312 N.C. 432, 440, 323 S.E.2d 343, 349 (1984) (N.C. Gen. Stat. § 20-138.1 creates one offense that "may be proved by either or both theories.") *see also State v. Mark*, 154 N.C. App. 341, 346, 571 S.E.2d 867, 871 (2002), *aff'd*, 357 N.C. 242, 580 S.E.2d 693 (2003) ("The opinion of a law enforcement officer . . . has consistently been held sufficient evidence of impairment."). "An officer's opinion that a defendant is appreciably impaired is competent testimony and admissible evidence when it is based on the officer's personal observation of an odor of alcohol and of faulty driving or other evidence of impairment." *State v. Gregory*, 154 N.C. App. 718, 721, 572 S.E.2d 838, 840 (2002) (citation omitted).

*Id.*

## II. Conclusion

Defendant failed to object and preserve any error to the jury's instructions or to request the jury specifically find which prong of the statute she was guilty of committing. "The trial court did not err in denying defendant's motion to dismiss the charge of impaired driving." *Id.* I concur in the result reached by the majority's opinion and vote to sustain defendant's conviction.