An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-677
NORTH CAROLINA COURT OF APPEALS

Filed: 17 February 2015

STATE OF NORTH CAROLINA

v.                                         Buncombe County
                                           No. 11CRS056562
RICHARD LEE WOODS, JR.


Appeal by Defendant from judgment entered 14 November 2013 by Judge Bill Coward in Buncombe County Superior Court. Heard in the Court of Appeals 12 January 2015.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Perry J. Pelaez, for the State.*

*Bryan Gates for Defendant-appellant.*


DILLON, Judge.


Defendant was charged by citation on 8 June 2011 with driving while impaired. He was found guilty as charged in district court and on appeal in superior court. He was sentenced to Level Two punishment.

The sole issue is whether the trial court erred by denying Defendant's motion to dismiss at the close of all the evidence.

Defendant argues the evidence was insufficient to show that he was under the influence of an impairing substance. We find no error.

The State's evidence tended to show that on 8 June 2011, an officer with the Asheville Police Department investigated a traffic collision involving two trucks. Upon arriving at the scene of the accident, the officer observed that Defendant was in the driver's seat of one of the trucks. He was not moving; his skin was sweaty; he was not immediately responsive to the officer; and his pulse was racing. The officer called for medical assistance because she believed Defendant was having a "medical episode."

While awaiting the arrival of emergency medical personnel, the officer conversed with Defendant and observed that Defendant's speech was slurred; his movements were slow; and it was difficult to communicate with him. Defendant repeated the same question after the officer had already answered it for him. The officer asked Defendant whether he was taking any medications. Defendant informed the officer that he had been taking the drug Ritalin for years. Defendant asked the officer to retrieve his medications from his truck. The officer found bottles containing Clonazepam and Methylin in Defendant's truck. One bottle contained a warning label stating the medication could cause dizziness and impair the ability to operate heavy machinery.

After Defendant's vital signs were checked by the medical responders and he was medically cleared, the officer performed three standardized sobriety tests upon him. Defendant passed the horizontal gaze nystagmus test. Defendant performed poorly on the one-leg stand test, never being able to lift one foot off the ground and keep it lifted for thirty seconds. He also performed poorly on the walk and turn test in that he was unable to keep his balance, walk in a straight line, walk continuously heel to toe, turn correctly, or follow instructions. The officer formed the opinion that Defendant was impaired and that the impairment was related to the prescription medication he was taking.

The officer charged Defendant with driving while impaired. Defendant consented to a blood draw at a hospital. A forensic scientist with the North Carolina Crime Lab analyzed the blood sample and determined Defendant's blood contained Lamotrigine, a medication capable of causing impairing effects, primarily dizziness, blurred or double vision, lack of coordination, sleepiness, tiredness, confusion and paresthesia.

Defendant's wife testified that Defendant was taking Lamotrigine in June 2011 for bipolar disorder. She also testified that Defendant has a history of leg problems and panic attacks,

and that she has seen him stumble and fall, stutter, and almost pass out.

_____

A motion to dismiss for insufficient evidence requires a court to decide whether there is substantial evidence to establish each essential element of the offense charged and to identify the defendant as the perpetrator. *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). In making this decision, the court must consider all of the evidence in the light most favorable to the State, giving it the benefit of every reasonable inference that may be drawn from the evidence. *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).

The offense of driving while impaired is committed if a person drives any vehicle upon any highway, street, or public vehicular area while under the influence of an impairing substance. N.C. Gen. Stat. § 20-138.1(a)(1) (2011). A person drives or operates a vehicle if he is "in actual physical control of a vehicle which is in motion or which has the engine running." N.C. Gen. Stat. § 20-4.01(25) (2011). One is under the influence of an impairing substance if one's "physical or mental faculties, or both, [are] appreciably impaired by an impairing substance." N.C. Gen. Stat. § 20-4.01(48b). Manifestations of impairment may include faulty

driving, slurred speech, red or glassy eyes, or staggering or unsteadiness while walking or standing. *State v. Gregory,* 154 N.C. App. 718, 721, 572 S.E.2d 838, 840 (2002).

The evidence, viewed in the light most favorable to the State, shows that Defendant drove a motor vehicle after ingesting an impairing substance, namely Lamotrigine. Defendant exhibited multiple manifestations of impairment. The officer formed an opinion, based upon the sobriety tests and her personal observations of Defendant, that he was under the influence of an impairing substance. Opinion testimony of a law enforcement officer that a motor vehicle operator was appreciably impaired based upon sobriety tests the officer administered upon the operator and the officer's personal observations is sufficient to defeat a motion to dismiss. *State v. Mark,* 154 N.C. App. 341, 346, 571 S.E.2d 867, 871 (2002), *aff'd per curiam,* 357 N.C. 242, 580 S.E.2d 693 (2003).

We conclude the evidence was sufficient to take the case to the jury. We hold the court properly denied the motion to dismiss.

NO ERROR.

Judge ELMORE and Judge STEELMAN concur.

Report per Rule 30(e).