An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 15-345

Filed: 20 October 2015

Madison County, No. 13 CRS 392

STATE OF NORTH CAROLINA

v.

ROBERT WAYNE HUDGINS

Appeal by defendant from judgment entered 2 October 2014 by Judge Gary Gavenus in Madison County Superior Court. Heard in the Court of Appeals 28 September 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General David L. Gore III, for the State.*

> *Jeffrey William Gillette for defendant-appellant.*

INMAN, Judge.

Robert Wayne Hudgins ("Defendant") appeals from a judgment entered following his conviction for driving while impaired ("DWI"). Defendant's sole contention on appeal is that the trial court erred by denying his motion to dismiss for insufficient evidence at the close of evidence. We find no error.

**Background**

The evidence presented at trial tends to show that Defendant was involved in a one-car accident at approximately 9:30 p.m. on the night of 24 September 2013. Defendant's car crossed over the center line, went straight through a turn, and collided with the guardrail. Madison County Deputy Jeff Elkins ("Elkins") responded to the scene and found Defendant standing by his vehicle. Elkins engaged Defendant in conversation and noticed Defendant was "uneasy on his feet," had slurred speech, and had a faint odor of alcohol on his breath. Defendant told Elkins that a deer ran into the path of his car, causing the accident. Elkins did not observe any "swerve marks on the highway." When Elkins asked Defendant about the odor of alcohol, Defendant admitted to drinking wine earlier that day. Within minutes of Elkins' arrival, Defendant began complaining of back pain and requested an ambulance.

State Trooper Jeremy Carver ("Carver") arrived on the scene at approximately 10:30 p.m., just as Defendant was loaded into the ambulance. Before leaving the accident scene, Elkins informed Carver that he believed Defendant to be impaired. Carver remained at the accident site for approximately fifteen to twenty-five minutes before following Defendant to the hospital.

Carver arrived at the hospital at midnight and found Defendant strapped to a gurney in the hallway of the crowded emergency room. Carver questioned Defendant about the accident and observed signs of impairment. Specifically, Carver noted that Defendant exhibited glassy eyes, slow speech, and a "strong" odor of alcohol.

Defendant also admitted to Carver that he had previously been drinking. Carver was unable to administer most of the standard field sobriety tests due to Defendant's position on the gurney, but he did attempt to give Defendant the horizontal gaze nystagmus ("HGN") test. Carver was unable to complete the HGN due to Defendant's inability to focus on the stimulus. Defendant testified that he received a narcotic painkiller for his pain, prior to Carver's arrival.

Carver administered two alka-sensor tests on Defendant at 12:19 a.m. and 12:30 a.m., both of which registered positive for alcohol. Based on his observations, Carver formed an opinion that Defendant "had consumed a sufficient quantity of an impairing substance to appreciably impair his mental and physical faculties." Carver notified Defendant that he was to be charged with driving while impaired and informed him of his rights regarding a chemical blood alcohol analysis. Defendant refused to submit to the blood test and signed the form indicating his refusal.

On 12 June 2014, Defendant was tried in District Court, where he was found guilty of DWI. Defendant appealed to Superior Court for a trial *de novo*. A jury found Defendant guilty of DWI, and the trial court imposed a Level Four punishment of 120 days in the county jail. Defendant appeals from the judgment.

## Discussion

Defendant raises one issue on appeal, arguing that the trial court erred in denying his motion to dismiss for insufficient evidence. Specifically, Defendant

claims the State's circumstantial evidence was insufficient to show he was impaired at the time of the accident. For the following reasons, we disagree.

"The denial of a motion to dismiss for insufficient evidence is a question of law, which this court reviews *de novo*." *State v. Bagley*, 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007) (citations omitted). To affirm the trial court's denial of a motion to dismiss, we must find there is substantial evidence of each essential element of the offense charged and of defendant's identity as the perpetrator. *Id.* "Substantial evidence is that amount of relevant evidence necessary to persuade a rational juror to accept a conclusion." *State v. Scott*, 356 N.C. 591, 597, 573 S.E.2d 866, 869 (2002). "Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *Id.* at 596, 573 S.E.2d at 869 (internal quotation and citation omitted); s*ee also State v. Fritsch*, 351 N.C. 373, 382, 526 S.E.2d 451, 457 (2000) ("The fact that some evidence in the record supports a contrary inference is not determinative on the motion to dismiss.").

In reviewing challenges to the sufficiency of the evidence, "we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *State v. Benson*, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992) (citation omitted). "[C]ontradictions and discrepancies do not warrant dismissal of the case – they are for the jury to resolve." *Id.* (citation and internal quotation marks omitted). Furthermore, "the defendant's evidence should be disregarded unless it is

favorable to the State or it does not conflict with the State's evidence." *Scott*, 356 N.C. at 596, 573 S.E.2d at 869.

Defendant was charged with DWI, which required the State to prove that Defendant drove a vehicle upon a highway, street, or public vehicular area while under the influence of an impairing substance. N.C. Gen. Stat. § 20-138.1(a)(1) (2013). Prior to trial, Defendant stipulated to driving his vehicle on a street, highway, or public vehicular area, satisfying the first element of impaired driving. Therefore, our review is limited to whether the State presented sufficient evidence of Defendant's impairment.

"Before a defendant can be convicted under N.C. Gen. Stat. § 20-138.1(a)(1), the State must prove beyond a reasonable doubt that defendant had ingested a sufficient quantity of an impairing substance to cause his faculties to be appreciably impaired." *State v. Phillips*, 127 N.C. App. 391, 393, 489 S.E.2d 890, 891 (1997) (citation omitted). "An officer's opinion that a defendant is appreciably impaired is competent testimony and admissible evidence when it is based on the officer's personal observation of an odor of alcohol and of faulty driving or other evidence of impairment." *State v. Gregory*, 154 N.C. App. 718, 721, 572 S.E.2d 838, 840 (2002) (citation omitted). Other evidence of impairment may include slurred speech, red or glassy eyes, or staggering or unsteadiness while walking or standing. *Id.* Further, "[o]ur Supreme Court has held that 'the [f]act that a motorist has been drinking, when

considered in connection with faulty driving . . . or other conduct indicating an impairment of physical or mental faculties, is sufficient *prima facie* to show a violation of G.S. 20-138.'" *State v. Coffey*, 189 N.C. App. 382, 387, 658 S.E.2d 73, 76 (2008) (quoting *Atkins v. Moye*, 277 N.C. 179, 185, 176 S.E.2d 789, 794 (1970).

Our review of the record shows there was sufficient evidence that Defendant was appreciably impaired at the time of the accident to withstand the motion to dismiss. Deputy Elkins found Defendant's car positioned against the guardrail, following a crash. Elkins also noted Defendant was "uneasy on his feet," had slurred speech, and emitted a faint odor of alcohol. Defendant admitted he had been drinking earlier in the day. At the hospital, Trooper Carver further observed that Defendant's eyes were glassy and red, he had slow and mumbled speech, and a strong odor of alcohol coming from his breath. Defendant was unable to pass the HGN field sobriety test and gave two positive alka-sensor results. Based on his observations, Carver formed an opinion that Defendant "had consumed a sufficient quantity of an impairing substance to appreciably impair his mental and physical faculties." Finally, Defendant's refusal to submit to a blood alcohol test was also competent evidence of his impairment under N.C. Gen. Stat. § 20-139.1(f) (2013). *See Gregory*, 154 N.C. App. at 721, 572 S.E.2d at 840.

## Conclusion

Viewing the evidence in the light most favorable to the State, we conclude there was sufficient evidence to support a reasonable inference of Defendant's guilt. Accordingly, we hold the trial court properly denied Defendant's motion to dismiss.

NO ERROR.

Judges STROUD and DAVIS concur.

Recommend Report per Rule 30(e).