BRYANT, Judge.
 

 *607
 

 *160
 
 Where there was sufficient evidence to withstand defendant's motion to dismiss the charge of DWI and where the trial court did not abuse its discretion in admitting an officer's expert testimony pursuant to Rule 702, we find no error in the judgment of the trial court.
 

 On 10 February 2015, defendant Stacie Michelle Fincher awoke around 7:30 a.m. and took her prescribed medications for her bipolar disorder-Abilify, Wellbutrin, and Lamictal. She had not slept well the previous evening, and around 2:00 a.m., she had taken a Xanax (alprazolam ) to help her fall back to sleep. She had been taking Xanax under her doctor's care for seven years at that point. That morning, she helped her children get ready for school and then drove herself to her surgeon's office for a follow-up appointment for an ankle fusion surgery she had undergone in December 2014. Defendant wore a large immobilization boot on her left leg and foot and still needed crutches to walk.
 

 At her doctor's appointment, the surgeon manipulated her ankle to check her range of motion, causing her so much pain that she cried. Asked to rate her pain on a scale of one to ten, she rated her pain as a ten. After the appointment, she drove to a pharmacy to have her prescription filled and then drove to a Long John Silver's restaurant in Asheville. While in the drive-thru lane, defendant was involved in a rear-end collision when her foot slipped off the brake and she collided with the vehicle in front of her.
 

 Asheville Police Department Officers Brad Beddow and Matthew Ryan Craig were dispatched to the scene. Officer Beddow spoke with defendant and noticed that she had red, glassy eyes, slurred speech, and seemed a bit "off." Officer Craig also observed that defendant's eyes were red and glassy and that she had slurred speech. When asked if she had taken any medication, she responded that she was prescribed a "handful of different types of medication," and had taken Xanax the night before. Officer Craig, who was certified by the National Traffic Highway Safety Administration to give standardized field sobriety tests, including the Horizontal Gaze Nystagmus ("HGN") test, then requested defendant perform some tests to determine whether she was impaired.
 

 *161
 
 Officer Craig administered the HGN test and observed six out of six clues of impairment. Because of her ankle injury and the boot on her leg, Officer Craig did not have defendant perform any other standardized field sobriety tests, but he did administer a breath test for alcohol which had negative results. Officer Craig determined that defendant was impaired based on her slurred speech, red and glassy eyes, admission to taking central nervous system ("CNS") depressants, and the HGN test results. Defendant was placed under arrest for DWI and transported to the Buncombe County Jail where defendant consented to a blood draw.
 

 Officer Craig contacted Officer Scott Fry, a certified Drug Recognition Expert ("DRE") and asked for his assistance with defendant. As a DRE, Officer Fry performed a twelve-step evaluation to determine whether defendant was under the influence of drugs and, if so, what category of drugs were in her system. Officer Fry administered various tests and determined that defendant was impaired by a CNS depressant.
 

 Defendant was found guilty of DWI in Buncombe County District Court on 9 August 2016, and she appealed for a trial
 
 de novo
 
 in superior court. Defendant was tried during the 31 August 2016 session of Buncombe County Superior Court, the Honorable Alan Z. Thornburg, Judge presiding. At trial, Officer Fry testified that on 10 February 2015, defendant's blood contained measurable amounts of alprazolam (Xanax ),
 
 *608
 
 hydroxyzine buproprion (Wellbutrin ), and lamotrigine (Lamictal ). The judge advised the jury that alprazolam is an impairing substance.
 

 Defendant moved to dismiss at the close of the State's case and again at the close of all the evidence, and the trial court denied both motions. The jury found defendant guilty of DWI, and the trial court sentenced defendant to a twelve-month suspended sentence of thirty days. Defendant filed written notice of appeal.
 

 _________________________
 

 On appeal, defendant argues the trial court (I) erred in denying defendant's motion to dismiss; and (II) abused its discretion in admitting expert testimony where the State did not lay a sufficient foundation under Rule 702(a).
 

 I
 

 Defendant argues the trial court erred in denying her motion to dismiss where the State submitted the case to the jury on a theory that defendant was under the influence of alprazolam, but where no evidence was presented that the amount of alprazolam found in defendant's blood was sufficient to cause appreciable impairment. We disagree.
 

 *162
 
 "This Court reviews the trial court's denial of a motion to dismiss
 
 de novo
 
 ."
 
 State v. Smith
 
 ,
 
 186 N.C. App. 57
 
 , 62,
 
 650 S.E.2d 29
 
 , 33 (2007) (citation omitted). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied."
 
 State v. Fritsch
 
 ,
 
 351 N.C. 373
 
 , 378,
 
 526 S.E.2d 451
 
 , 455 (2000) (quoting
 
 State v. Barnes
 
 ,
 
 334 N.C. 67
 
 , 75,
 
 430 S.E.2d 914
 
 , 918 (1993) ).
 

 Pursuant to
 
 N.C. Gen. Stat. § 20-138.1
 
 , "[a] person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State: (1) While under the influence of an impairing substance[.]" N.C.G.S. § 20-138.1 (2017). A person is under the influence of an impairing substance if "his physical or mental faculties, or both, [are] appreciably impaired by an impairing substance."
 
 N.C. Gen. Stat. § 20-4.01
 
 (48b) (2017).
 

 An "impairing substance" is defined as "alcohol, controlled substance under Chapter 90 of the General Statutes, or any other drug or psychoactive substance capable of impairing a person's physical or mental faculties, or any combination of these substances."
 

 Id.
 

 § 20-4.01(14a). Thus, to convict a defendant of driving while impaired, the State must prove "that defendant had ingested a sufficient quantity of an impairing substance to cause his faculties to be appreciably impaired."
 
 State v. Phillips
 
 ,
 
 127 N.C. App. 391
 
 , 393,
 
 489 S.E.2d 890
 
 , 891 (1997) (citation omitted).
 

 Here, the testimony of the State's witnesses at trial was sufficient to prove the elements of DWI. First, defendant was driving her vehicle in the public drive-thru area of a Long John Silver's restaurant when she collided with the rear end of another vehicle around 11:00 a.m. on 10 February 2015. Second, both responding officers noted her eyes were red and glassy and her speech was slurred. Third, defendant admitted to officers at the scene that she had consumed alprazolam, a Schedule IV controlled substance, earlier that morning. Fourth, Officer Craig testified that defendant presented six of the six clues indicating impairment after administering the HGN test, and Officer Fry testified that after performing his twelve-step DRE evaluation on defendant, he determined she was impaired by a CNS depressant.
 

 "In order to overcome a motion to dismiss, the State must introduce more than a scintilla of evidence of each essential element of the offense and that the defendant was the perpetrator of the offense."
 

 *163
 

 State v. Davy
 
 ,
 
 100 N.C. App. 551
 
 , 556,
 
 397 S.E.2d 634
 
 , 636-37 (1990) (citation omitted). Accordingly, viewed in the light most favorable to the State, the trial court did not err in denying defendant's motions to dismiss where the State presented sufficient evidence to withstand defendant's motions. Defendant's argument is overruled.
 

 *609
 

 II
 

 Defendant argues the trial court abused its discretion when it admitted an officer's expert testimony that defendant was under the influence of a central nervous system depressant. Defendant contends the State did not lay a sufficient foundation under Rule 702(a) to establish the reliability of the officer's methodology underlying his drug recognition examination and conclusion based thereon. We disagree.
 

 "We review a trial court's ruling regarding the admission of expert testimony for abuse of discretion."
 
 State v. Turbyfill
 
 ,
 
 243 N.C. App. 183
 
 , 185,
 
 776 S.E.2d 249
 
 , 252 (2015) (quoting
 
 Pope v. Bridge Broom, Inc.
 
 ,
 
 240 N.C. App. 365
 
 , 369,
 
 770 S.E.2d 702
 
 , 707 (2015) ). "Abuse of discretion results where the Court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision."
 
 Id.
 
 at 185-86,
 
 776 S.E.2d at
 
 252-53 (citing
 
 State v. Hennis
 
 ,
 
 323 N.C. 279
 
 , 285,
 
 372 S.E.2d 523
 
 , 527 (1988) ). "[T]he trial judge is afforded wide latitude of discretion when making a determination about the admissibility of expert testimony."
 
 State v. Bullard
 
 ,
 
 312 N.C. 129
 
 , 140,
 
 322 S.E.2d 370
 
 , 376 (1984).
 

 Rule 702 of the North Carolina Rules of Evidence governs testimony by experts and states, in relevant part, as follows:
 

 (a) If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion, or otherwise, if all of the following apply:
 

 (1) The testimony is based upon sufficient facts or data.
 

 (2) The testimony is the product of reliable principles and methods.
 

 (3) The witness has applied the principles and methods reliably to the facts of the case.
 

 *164
 
 (a1) A witness, qualified under subsection (a) of this section and with proper foundation, may give expert testimony solely on the issue of impairment and not on the issue of specific alcohol concentration level relating to the following:
 

 (1) The results of a Horizontal Gaze Nystagmus (HGN) Test when the test is administered by a person who has successfully completed training in HGN.
 

 (2) Whether the person was under the influence of one or more impairing substances, and the category of such impairing substance or substances.
 
 A witness who has received training and holds a current certification as a Drug Recognition Expert
 
 , issued by the State Department of Health and Human Services, shall be qualified to give the testimony under this subdivision.
 

 N.C. Gen. Stat. § 8C-1, Rule 702 (2015) (emphasis added),
 
 amended by
 
 2017 N.C. Sess. Laws ch. 212, § 5.3, eff. June 28, 2017.
 

 Defendant argues that the State failed to lay a sufficient foundation under Rule 702 to establish the reliability of the Drug Recognition Examination to determine that alprazolam was the substance that had impaired defendant's mental or physical faculties. Defendant also argues that "Fry's testimony did not show that the 12-step DRE protocol was a reliable method of determining impairment."
 

 In
 
 State v. Godwin
 
 , our Supreme Court concluded that "with the 2006 amendment to Rule 702, our General Assembly clearly signaled that the results of the HGN test are sufficiently reliable to be admitted into the court of this State."
 
 369 N.C. 604
 
 , 613,
 
 800 S.E.2d 47
 
 , 53 (2017) (citations omitted). Furthermore, this Court has "construed subsections (a) and (a1) [of Rule 702 ] together and reasoned that the General Assembly sought to 'allow testimony from an individual who has successfully completed training in HGN and meets the criteria set forth in Rule 702(a)....' "
 
 State v. Younts
 
 , --- N.C. App. ----, ----,
 
 803 S.E.2d 641
 
 , 646 (2017) (quoting
 
 Godwin
 
 ,
 
 369 N.C. at 609
 
 ,
 
 800 S.E.2d at
 
 50 ).
 

 Lastly, pursuant to the text of subsection (a1)(2) of Rule 702, it is clear that the General
 
 *610
 
 Assembly has indicated its desire that Drug Recognition Evidence-like the evidence given by DRE Officer Fry-be admitted, and that this type of evidence has already been determined to
 
 *165
 
 be reliable and based on sufficient facts and data. Accordingly, the trial court properly admitted the testimony of Officer Fry pursuant to Rule 702. Defendant's argument is overruled.
 

 NO ERROR.
 

 Judges DILLON and TYSON concur.